SHUGART et al. v. CRUISE.

(Circuit Court of Appeals, Fourth Circuit.  July 1, 1919.)

No. 1689.

1. PARTIES ⬾95(1)—AMENDMENT TO CHARGE DEFENDANTS JOINTLY.
    Under Acts Va. 1914, c. 331 (Code Supp. Va. 1916, p. 993), providing for allowance of amendments to pleadings, in a proceeding under Code Va. 1904, § 3211, against two defendants charged with several trespasses, an amendment may properly be allowed charging them jointly.

2. VENUE ⬾14—FALSE IMPRISONMENT—ACTIONS—JURISDICTION.
    Under Code Va. 1904, § 3215, providing that an action may be brought "in any county * * * wherein the cause of action or any part thereof arose, although none of the defendants reside therein," an action for false arrest and false imprisonment may be brought in the county of imprisonment, where defendants were served, although they resided and the arrest was made in another county.

3. FALSE IMPRISONMENT ⬾31—ACTION FOR DAMAGES.
    Evidence that defendants arrested plaintiff at his home without a warrant, searched his house without a search warrant or his permission, and took him to another county and placed him in jail, and that he was subsequently discharged for want of prosecution, held to sustain a verdict and judgment for false imprisonment.

In Error to the District Court of the United States for the Western District of Virginia, at Danville; Henry Clay McDowell, Judge.

Action at law by Thomas Cruise against H. V. Shugart and J. N. Wood.  Judgment for plaintiff, and defendants bring error.  Affirmed.

R. E. Byrd, U. S. Atty., of Richmond, Va., for plaintiffs in error. J. R. Smith, of Martinsville, Va., for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge.  This suit was instituted in the circuit court of West Virginia for Henry county.  It was removed to the United States District Court under section 643, R. S. (Comp. St. § 1015).  The parties will be designated according to the respective positions they occupied in the court below.

In the state court action was instituted against defendants under section 3211 of the Code of Virginia.  In the original action it was charged that the defendants—

(a) Did without authority of law search the home of plaintiff in Henry county, Va.

(b) Did unlawfully arrest plaintiff at his home in Franklin county, Va.

(c) Did unlawfully imprison plaintiff in jail at Martinsville, Henry county, Va.

It was alleged that each of these trespasses was done by "you and each of you" (meaning the defendants).

[1] Demurrer was interposed by defendants, which was sustained.  However, against the objection of defendants, leave was given

to amend the motion, so as to charge the several trespasses as joint. The plaintiff then filed a bill of particulars, showing that suit was for three distinct causes of action—unlawful search and unlawful arrest in the county of Franklin, Va., and unlawful imprisonment in the county of Henry, Va.

It is insisted by the first assignment of error that the court below erred in granting the plaintiff leave to so amend his notice as to allege a joint tort; the contention of the defendants being that, while the courts of Virginia are liberal in permitting amendments, they have "not gone so far as to permit the very structure of the suit to be changed by amendment."

In the original motion it was declared that the acts complained of were several and unrelated acts of each of the defendants. By the amendment the plaintiff was permitted to charge a joint trespass. Chapter 331 of the Acts of 1914 (Pollard's Code, vol. 4, 993), contains the following provision:

"Be it enacted by the General Assembly of Virginia, that in any suit or action hereafter instituted, the court may at any time, in furtherance of justice, upon such terms as may be just, permit any proceeding or pleading to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The object of the notice is to afford the defendants definite information as to the grounds upon which they will be called upon to pay the sum demanded. In Burks' Pleading and Practice, p. 292, among other things it is said:

"In proceedings by motion under sections 3210 and 3211 of the Code, the notice takes the place of both writ and declaration, and being presumed to be the act of the parties themselves, is to be liberally construed, so as to uphold the motion, if possible. No particular form is necessary. Any form will be sufficient if the defendant cannot mistake the object of the motion."

It cannot be said that the amendments were in any sense in the nature of a surprise to the defendants, or that the structure or basis of the suit was disturbed in the slightest by the action of the court below in granting the motion of the plaintiff to amend.

[2] While the question of jurisdiction is not raised in the assignments of error, it is now suggested that the court below was without jurisdiction, in that both defendants were at the time of the institution of the suit residents of Franklin county, and therefore neither of them could be tried for a trespass in Franklin county, unless they were served with process there; that the evidence showed that they were sued in Henry county and served with process in that county. This ordinarily would be true, were it not for the provisions of section 3215 of the Virginia Code, which is in the following language:

"An action may be brought in any county or corporation wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein."

The plaintiff, as we have said, while residing in Franklin county, was carried to Henry county, and there falsely imprisoned by the

defendants. This clearly brings the case within the purview of the above-quoted section of the Virginia Code, inasmuch as a part of the cause of action arose in Henry county. It also further appears that the defendant Wood, who it is insisted was not served with process, appeared and submitted himself to the jurisdiction of the court, thereby waiving service of process. That the court had jurisdiction against Wood under the circumstances we think is not a debatable question.

It is admitted that the court had jurisdiction to try defendants for trespass in Henry county; however, it is contended that it had no jurisdiction to try defendants for trespass committed in Franklin county, and that the court below was in error in not requiring plaintiff to elect upon which cause of action he would proceed, and in compelling them to submit to a trial of three causes of action, in only one of which the court had jurisdiction, and that the verdict of the jury included damages for three trespasses, when they could only have ascertained the damages for one.

The home of plaintiff in Franklin county was invaded, and the trespass which began there was continued until his lodgment in jail in Henry county, and was therefore a continuing tort, and the amendments in question amplified the grounds upon which plaintiff sought to recover damages, which gave them adequate information as to the nature of the plaintiff's demands. Therefore under the circumstances we can see no prejudicial error in granting the same.

[3] Among others, plaintiff introduced a witness by the name of Lovel, who testified as follows:

"That on the 24th day of January, 1918, he was at the house of the plaintiff, Thomas Cruise, in the county of Franklin, Va.; that there were present in the house Thomas Cruise's brother-in-law, Manning; the plaintiff's wife, who was then pregnant, a monthly nurse, and Cruise's children, and that to this house on that date came H. V. Shugart and J. N. Wood; that Shugart and Wood behaved boisterously and frightened the wife of the plaintiff, and that they found the plaintiff, Cruise, making a box in one of the two rooms of the house, and that they took an axe and knocked the box to pieces; that they searched the house without a warrant and without permission of the plaintiff, Cruise; that they arrested Cruise and the brother-in-law, Manning, and took them to Martinsville, in Henry county, where Cruise was imprisoned; that Cruise was bailed to appear at a subsequent day before the commissioner; that when he appeared on that day a new warrant was sworn out, and Cruise was again bailed to appear at a later day before the commissioner on the new warrant; that he did appear on that day, and that no one appeared against him, and he was dismissed by the commissioner at Martinsville."

Plaintiff also introduced his brother-in-law, Manning, who corroborated his testimony in the main. From the testimony of these witnesses it appears that the arrest of plaintiff was made in the county of Franklin by defendants; that they abused plaintiff's wife, who was in a delicate condition, and by their boisterous conduct greatly frightened her; that without any reason for so doing they knocked a box to pieces that was being made by plaintiff, and arrested and carried him to Martinsville, in Henry county, over his protest, where he was imprisoned.

It is admitted by defendants (who testified in their own behalf) that the plaintiff was arrested without a warrant, and that while under arrest they took him to Henry county and put him in jail; that they then returned to Franklin county to get their horses, in the meantime leaving plaintiff in jail; that during their absence a warrant was sworn out for plaintiff by a revenue officer attached to another department, but it appears that that warrant was based on a misunderstanding of the nature of the offense for which they sought to convict him. Whereupon, at the suggestion of defendant Shugart, the warrant was dismissed, and another warrant charging plaintiff with illicit distilling was obtained; that some days thereafter, in the absence of defendants plaintiff was tried on that warrant and acquitted. It was insisted that the case was dismissed owing to the fact that no government witnesses were present when the case was called for trial. However, it does appear that no bill of indictment was obtained against plaintiff, nor was he ever bound to court upon any warrant charging him with the offense upon which the alleged arrest was made.

Defendants contend that Cruise gave them permission to search the house and that they were not in any way violent. They deny having knocked the box to pieces in the house, but say they took it in the yard, and that they had reason to believe and did believe that Cruise was the operator of the distillery which they found. Thus it appears that plaintiff was arrested by defendants in utter disregard of law, by taking him into custody without first having procured a warrant. Plaintiff also insists that they searched his house without permission, and defendants admit they had no search warrant. There is no provision in the statute which authorizes a deputy marshal or other officer to make an arrest without a warrant, except where a party is found engaged in the actual violation of law. This was not the case in this instance. There were only circumstances, to say the most of it, that could have been used on the trial of the plaintiff; but even then it would have been a question for the jury to say what inferences should be drawn therefrom.

Plaintiff bases his action upon the ground that defendants invaded his home and arrested him without first having obtained authority for so doing. The defendants having committed these acts, the burden was upon them to show: (a) That they had a search warrant; (b) that they had a warrant for arrest of plaintiff. There being a total absence of proof to sustain either of these propositions, we think the jury very properly found in favor of plaintiff.

Therefore, in any view of the case, the defendants were trespassers, and continued to be such from the time the arrest was made until defendant was discharged from imprisonment. It is true that they insist, as we have stated, that plaintiff gave them permission to make the search; but the jury were the sole judges as to this point, and, having found against the defendants, we are not inclined to disturb the verdict.

Under these circumstances the court very properly treated the whole transaction as being continuous in its nature, and, the trespass being

continuous, we think the court not only acquired jurisdiction as to the transactions in Henry county, but also had jurisdiction to hear and determine the questions involved in the arresting and transporting of the defendant against his will from Franklin to Henry county jail.

In view of what we have said, it follows that the judgment of the court below should be affirmed.