MONTANA–DAKOTA UTILITIES CO., Respondent, *v.* PUB-
LIC SERVICE COMMISSION OF MONTANA et al.,
Appellants.

(No. 8,091.)

(Submitted September 25, 1940.   Decided October 3, 1940.)

[107 Pac. (2d) 533.]

Mr. *Harrison J. Freebourn,* Attorney General, *Mr. John W. Bonner* and *Mr. Emmett C. Angland,* Special Counsel for the Public Service Commission; *Mr. James T. Shea* and *Mr. Fred C. Gabriel,* representing Consumers, for Appellants, submitted an original and a reply brief; *Mr. Bonner* and *Mr. Angland* argued the cause orally.

*Messrs. Cooper, Stephenson & Glover, Messrs. Toomey, McFarland & Chapman,* and *Messrs. Feagre, Benson & Krause,* the latter of the Bar of Minneapolis, Minnesota, for Respondent, submitted a brief; *Mr. E. G. Toomey* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendants have appealed from an order denying their motion for change of venue. The action is to enjoin the enforcement of an order made by the defendants reducing gas rates. The facts are briefly these:

Plaintiff is engaged in furnishing natural gas to consumers in and about Glasgow, Valley county, and in and about Malta, in Phillips county. The defendant board ordered a hearing to be held at Malta, and another to be held at Glasgow. By agreement of the parties both hearings were held at Glasgow. After the hearing the defendants made an order reducing the rates in all the places involved at the hearing. Plaintiff, deeming the order unlawful and unreasonable, brought this action in Lewis and Clark county to enjoin its enforcement. Defendants in proper time moved the court for an order changing the place of trial to Valley county on the principal ground that the cause, or some part of it, arose in Valley county and no part thereof arose in Lewis and Clark county. Solution of the question before us makes it necessary to consider section 3906, Revised Codes, as amended by Chapter 56, Laws of 1937.

By Chapter 56 an action questioning the reasonableness of ■■ rates filed by the Public Service Commission may be commenced "in the district court of the proper county." When originally enacted, section 3906 in this respect contained the same language. It is contended by defendants that this language alone is sufficient to indicate that the action must be brought in either Valley or Phillips county. We do not so construe that language. In our opinion resort must be had to our venue statutes to determine what is "the proper county," exactly as we must under subdivision 1 of section 9098, Revised Codes, where the same language appears.

Both parties contend that section 9094 supports their contention. Plaintiff contends that under it the action was properly brought in Lewis and Clark county. Defendants argue that under that section it must be transferred to either Valley or Phillips county. That section, so far as material, reads:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: * * *

"2. Against a public officer or, person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

Under this section our province is to determine in what county or counties the *cause* of action or some part thereof arose. On behalf of plaintiff it is contended that since the order complained of was made in Lewis and Clark county, where the office of the commission is located, at least a part of the cause arose in that county. We think this contention loses sight of the real *cause* of the action. The cause of the action is the threatened enforcement or operation of the order in Valley and Phillips counties. It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose. Operation of the order is what is alleged will injure plaintiff. Section 3906, as amended by Chapter 56, Laws of 1937, provides that the orders "shall become operative" within twenty days after their filing. It is the

operation of the order that the action seeks to enjoin. True, the complaint also seeks to set aside the order, but only because its operation allegedly would injure plaintiff by confiscating its property. The operation of the order will be accomplished, if at all, in Valley and Phillips counties where the order is made applicable. It is our view that the cause of action arose in Valley and Phillips counties and not in Lewis and Clark county.

We derive but little aid from adjudicated cases, but there are those which by analogy at least support this conclusion. In *Kansas City* v. *Public Utilities Com.,* 103 Kan. 473, 176 Pac. 324, which involved an identical statute, it was held that an action against the commission to enjoin it from hearing an application in Wyandotte county was properly brought in that county. By analogy, then, had the action been to enjoin the enforcement of the order in Wyandotte county, the same result would follow.

The case of *State Appeal Board* v. *District Court of Pottawattamie County,* 225 Iowa, 296, 280 N. W. 525, involved an identical statute. There the order complained of was made in Polk county where the state officers maintained their offices. The hearing resulting in the order was held at Council Bluffs in Pottawattomie county. The order was filed in and to apply in the latter county. It was held by the court that the cause of action arose in the latter county and in none other. To that same general effect is *Board of Trustees* v. *Board of Supervisors,* (Iowa) 291 N. W. 141.

In *State ex rel. Florida Dry Cleaning and Laundry Board* v. *Atkinson,* 136 Fla. 528, 188 So. 834, 841, the court in pointing out the gist of the controversy said: "It is a case where the complainant in the court below, the litigating respondents here, aver that their constitutional rights are being invaded in Dade County by the enforcement of orders and regulations prescribed by a State instrumentality which was and is without constitutional authority to make and enforce such orders and rules. Their ground of complaint is not the action taken by the Board in Duval County, the place of its headquarters, but it is the action of the Board in attempting to enforce those orders and

rules in Dade County, Florida, contrary to the provisions of the Constitution of Florida, as is alleged.'' In holding that the venue is in the county where the order was threatened to be enforced, the court said: ''Whether the complainants in the court below, the respondents here, are correct in their contention that their constitutional rights are being violated by the enforcement of orders and rules of the Florida Dry Cleaning & Laundry Board is not before us for determination. Whether they are right or wrong, they do not have the right to have that question judicially determined and to institute suit for that purpose in the *jurisdiction* where the *alleged wrong is alleged to be operating.*'' We think that is the proper result to be announced here. The proper venue under section 3906, as originally enacted and as amended, is in the county where the order in question is applicable, and where it is proposed to be enforced.

Contention is made by plaintiff that the action was properly commenced in Lewis and Clark county under the provisions of section 9096, Revised Codes. That section in part provides: ''In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action.'' The acts complained of here are being done by defendants in virtue of their offices within the meaning of section 9094, and that section governs this action. That being so, section 9096 cannot apply because it only applies to ''all other cases'' not already covered by the preceding sections of the statute.

It is our conclusion that in the instant action the court erred in denying the motion for change of venue. The cause is remanded, with directions to enter an order setting aside the order denying the motion and to enter an order sustaining it.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied November 23, 1940.