No. 12900

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

GENE D. LUNT,

Plaintiff and Respondent,

-vs-

DIVISION OF WORKMEN'S COMPENSATION,
DEPARTMENT OF LABOR AND INDUSTRY OF
THE STATE OF MONTANA,

Defendant and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson and Utick, Helena, Montana
Andrew J. Utick argued, Helena, Montana

For Respondent:

William T. Kelly argued, Billings, Montana

Submitted:  June 17, 1975

Decided:  JUN 3 0 1975

Filed:  JUN 3 0 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal by the Division of Workmen's Compensation is brought from the denial of a motion for change of venue from Yellowstone County to Lewis and Clark County.

Plaintiff Gene D. Lunt filed a petition for a writ of mandate to compel the Division to set a hearing on his claim for compensation benefits. Neither the merits of the claim for compensation nor the merits of the petition for writ of mandamus are before this Court on this appeal. In fact, those considerations have been rendered moot by the settlement of the claim between plaintiff and his employer's insurer. However, since the settlement occurred after the filing of the mandamus action, the issue of attorney fees remains preserving the venue question for this Court's consideration.

The proper forum to bring an action for writ of mandate is governed by section 93-2902, R.C.M. 1947, which provides in pertinent part:

> "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose * * *
>
> "* * *
>
> "2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

The Division argues section 93-2902 is not controlling here since the defendant named in the mandamus action is the "Division of Workmen's Compensation, Department of Labor and Industry of the State of Montana" without mention of any of the "public officers" individually associated with the Division. However, the Division can act only through its public officers and employees, and no meaningful distinction can be drawn between the sum of the parts and the whole for purposes of this

- 2 -

venue statute. We hold the Division is a "public officer" within the meaning of section 93-2902. See: Ebenezer Society v. Minnesota State Board of Health, (Minn. 1974), 223 N.W.2d 385 and cases cited therein for similar holdings under parallel venue statutes.

A district court is required to grant a motion for change of venue when the county designated in the complaint is not the proper county. Section 93-2906, R.C.M. 1947; Johnson v. Clark, 131 Mont. 454, 311 P.2d 772. The language of section 93-2902 indicates that the proper county is the "county where the cause, or some part thereof, arose." The cause of this mandamus action, as set forth in the petition for the writ, is "the wrongful, wanton, arbitrary and discriminatory * * * neglecting and failing to set plaintiff's case down for hearing."

The petition for the writ asserts that it is the Division's responsibility to set a hearing as required by section 92-821, R.C.M. 1947. The Division is headquartered in Lewis and Clark County, as evidenced by the affidavit of the Division's administrator and by the exhibits showing that notice of hearings is sent from Lewis and Clark County.

It is apparent that the alleged failure to set a hearing involves only the function of the Division's offices in Lewis and Clark County. Accordingly, the cause arose in Lewis and Clark County and, pursuant to section 93-2902 must be tried there. This holding is consistent with Gildroy v. Anderson, 159 Mont. 325, 497 P.2d 688, and State ex rel. Fulton v. District Court, 139 Mont. 573, 366 P.2d 435, although neither is sufficiently analogous to be controlling here. Any portions of Montana-Dakota Utilities Co. v. Public Service Commission, 111 Mont. 78, 107 P.2d 533, inconsistent with this opinion are hereby expressly overruled.

Operating under similar venue statutes, the Supreme Court of Oklahoma expressed it well when it held in State ex rel. State

- 3 -

Dry Cleaners' Board v. District Court, (Okla.1959), 340 P.2d 939, 942:

> "* * * Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act."

See also: State ex rel. Department of Corrections v. Brock, (Okla.1973), 513 P.2d 1293.

Accordingly, the denial of the motion for change of venue to Lewis and Clark County is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -