No. 13600

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

A. B. GUTHRIE, JR., ALICE GLEASON;
KENNETH GLEASON; and MONTANA WILDERNESS ASSOCIATION,
                    Plaintiffs and Respondents,
        -vs-
MONTANA DEPARTMENT OF HEALTH AND
ENVIRONMENTAL SCIENCES,
                    Defendants and Appellants,

BOARD OF COUNTY COMMISSIONERS, TETON COUNTY;
J. R. CRABTREE; JAMES M. CRAWFORD; and ROBERT
W. JENSEN,
                    Defendants.

---

Appeal from:  District Court of the First Judicial District,
              Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellants:

        Church, Harris, Johnson and Williams, Great Falls,
         Montana
        M. O. Wordal argued, Great Falls, Montana
        G. Steven Brown, Helena, Montana
        Stan Bradshaw argued, Helena, Montana
        Charles M. Joslyn, County Attorney, argued,
         Choteau, Montana

    For Respondents:

        James H. Goetz argued, Bozeman, Montana
        Peter M. Meloy, Helena, Montana
        Gregory L. Curtis, Choteau, Montana

---

                          Submitted:  January 13, 1977

                           Decided:  MAR 1 5 1977

Filed: MAR 1 5 1977

*Thomas J. Kearney*
                                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from denial of a motion for change of venue in an action for an injunction in the district court, Lewis and Clark County.

Plaintiffs in the action are A.B. Guthrie, Jr.; Alice and Kenneth Gleason; and the Montana Wilderness Association. Guthrie alleges he owns land about two miles from the proposed Arrowleaf West Subdivision, "takes general aesthetic appreciation of the area" and "engages in horseback riding, hiking and fishing in the general area".

Alice and Kenneth Gleason allege they own a dude ranch about a mile from the proposed development and they earn their livelihood from the dude ranch. They allege they engage in "general recreational pursuits such as hiking, riding, fishing, and hunting." Gleasons also allege their livelihood is "dependent upon the said area remaining aesthetically pleasing, sparsely populated, generally undeveloped, and well populated with fish and wildlife."

The Montana Wilderness Association alleges that about eight of its members reside in Teton County and that numerous members "make general recreational, aesthetic, and environmental use of the public lands and certain of the private lands in the general vicinity of the proposed Arrowleaf West Subdivision."

Defendants in the action for injunction are: J. R. Crabtree, James M. Crawford, and Robert W. Jensen, owners and developers of the proposed subdivision which is to consist of weekend recreational second homes; the Teton County Commissioners; and the Montana Department of Health and Environmental Sciences.

The relief requested is an injunction. Plaintiffs set out three basic reasons for this relief:

1) They allege the Montana Department of Health and Environmental Sciences' act of lifting the sanitary restrictions imposed by statute to force compliance with health and sanitation laws constitutes a recommendation or report on proposals for projects, programs for projects, programs, legislation and other major actions of state government significantly affecting the quality of the human environment, therefore the Department must do an environmental impact statement. It is alleged no environmental impact statement was prepared and until one is prepared, the sanitary restrictions may not be legally lifted.

2) Plaintiffs allege the Teton County Commissioners did not comply with the Subdivision and Platting Act in that they did not (a) give proper notice, (b) hold the required public hearing, nor (c) make the findings required.

3) Plaintiffs allege the individuals named as defendants are proceeding to physically alter the land illegally because they are acting pursuant to permission granted by the alleged illegal acts of the Department and the Teton County Commissioners and that such physical alteration is doing irreparable harm to plaintiffs' interests.

Plaintiffs' complaint asks that defendants be prohibited from proceeding with actions which would physically alter the character of their land until the Department complies with its statutory duties and the Teton County Commissioners comply with their statutory duties. It also requests a mandatory injunction ordering reinstatement of the sanitary restrictions and with-

drawal of the approval of the plat. A temporary injunction was requested and granted.

At the time of this appeal, the status of the matter was this:

The complaint was filed and amended. Judge Bennett was disqualified and Judge Brownlee assumed jurisdiction. Defendants filed their motion for change of venue which was briefed and submitted to the district court, which denied the motion in these words:

> "It appears to the Court that any trial upon the factual questions based upon the actual impact of the proposed subdivision in Teton County should properly be held in Teton County; however, it appears to this Court that the Complaint charges the Department of Health with not performing their statutory duties, and it further appears to the Court that venue for such a charge is properly in Lewis and Clark County. * * *"

Two statutory sections are involved. Section 93-2902(2), R.C.M. 1947, provides:

> "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:
>
> "* * *
>
> "2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

Section 93-2906(1), R.C.M. 1947, provides:

> "The court or judge must, on motion, change the place of trial in the following cases:
>
> "1. When the county designated in the complaint is not the proper county."

Plaintiffs argue refusal to grant a motion for change of venue is within the sound discretion of the district court. This is true of motions under subsections 2 and 3 of section 93-2906 which are clearly discretionary in their terms:

Subsection 2 provides:

"When there is reason to believe that an impartial trial cannot be had therein * * *."

Subsection 3 provides:

"When the convenience of witnesses and the ends of justice would be promoted by the change."

It is clear the making of such findings is within the court's discretion. However, Montana cases considering change of venue under section 93-2906(1) are contrary. In McKinney v. Mires, 95 Mont. 191, 195, 26 P.2d 169, the Court stated:

"On compliance with the statute and on a proper showing that the action was commenced in the wrong county, a defendant is entitled, on this first ground, to a change to the proper county as a matter of right."

In Johnson v. Clark, 131 Mont. 454, 460, 311 P.2d 772, the Court said:

"The above-quoted provisions of section 93-2906 are mandatory and, on timely and proper application, require the district court to change the venue. [Citing cases]."

Johnson was reaffirmed in Lunt v. Division of Workmen's Compensation, 167 Mont. 251, 537 P.2d 1080, 32 St.Rep. 662, 663, when the Court stated:

"A district court is required to grant a motion for change of venue when the county designated in the complaint is not the proper county. Section 93-2906, R.C.M. 1947; Johnson v. Clark, 131 Mont. 454, 311 P.2d 772. * * *"

Section 93-2902(2), R.C.M. 1947, the second venue statute involved requires each cause be examined before a determination of the proper venue may be made. The determination is into the nature of the cause of action involved and where it arose.

- 5 -

The basic purpose of this venue provision is discussed in Regents of University of Cal. v. Superior Court, 91 Cal.Rptr. 57, 476 P.2d 457, 461. There the California Court discussing a similar provision said:

> "The underlying purpose of statutory provisions as to venue for actions against state agencies is to afford to the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant. * * *"

Here, the Department of Health and Environmental Sciences joined defendants in the motion for change of venue and it is the plaintiffs, residents of Teton County and an organization which alleges that its members use the area in Teton County, who argue that venue is proper in Lewis and Clark County. They argue that because they alleged as a part of the basis for injunction that the Department had a duty to do an environmental impact statement, which was not done, therefore the "cause, or some part thereof, arose" in Lewis and Clark County.

The phrase "cause, or some part thereof, arose" was discussed at length by this Court in Bergin v. Temple, 111 Mont. 539, 546, 111 P.2d 286. There the Court said:

> "* * * a cause of action exists when the plaintiff has a right to institute a judicial proceeding and he has the right under the circumstances described here the moment he can show that the defendant has wrongfully infringed his liberty.
>
> "'Arise,' the verb of which 'arose' is the past tense, means, * * * 'to spring up, originate; to come into being or notice, to become operative, sensible, visible, or audible; to present itself'; etc. Thus a cause of action arises when it springs up, originates, comes into being, becomes operative, presents itself. * * *"

Thus, the answer to the question of proper venue under section 93-2902(2), R.C.M. 1947, lies in the analysis of two

dependent variables, the nature of the cause of action and the time and place where it springs into existence.

Here, the action is for an injunction which in this case sprung into existence at the time and the place where the alleged irreparable harm was threatened. That occurred when defendants began work physically altering the land. The alleged illegal acts of the Department and the Teton County Commissioners could be enjoined, if at all, only where there was some threatened irreparable harm to plaintiffs' interests.

Plaintiffs assert that Lunt v. Workmen's Comp. Dept. of Labor & Ind., 167 Mont. 251, 537 P.2d 1080, 1081, 32 St.Rep. 662, 664, is controlling here. There the action was for mandamus. It is difficult to imagine mandamus,based as it is on neglect or refusal by a public official to perform a ministerial duty, which did not arise as the Court said in Lunt "'* * * in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act.'"

Gildroy v. Anderson, 159 Mont. 325, 328,329, 497 P.2d 688, does not support plaintiffs' argument. There the Court was careful to point out:

> "Plaintiffs' complaint does not challenge the merits
> of the operation of the executive order in redistricting
> the affected counties as the cause of their injury.
> Rather, the claim is that an injury arises from an
> official act of the Governor which exceeds his powers
> and authority by reason of its alleged unlawful contra-
> vention of express legislative action. The question
> is one of the respective powers and authority of two
> branches of government, not the merits of the operation
> of the executive order.
>
> "* * *
>
> "By reason of the novelty of the subject matter of this
> suit, being a test of the powers and authority of two

branches of government, it is clearly distinguishable from the facts found controlling in the Montana-Dakota Utilities Co. case heretofore cited. The circumstances of this case bring it within the rule that a cause of action based upon official conduct of a state officer performable at the seat of the state government arises in the county of his official residence."

Montana-Dakota Utilities Co. v. Public Service Commission, 111 Mont. 78, 80, 107 P.2d 533, would be controlling here but for the language in Lunt stating:

"* * * Any portions of Montana-Dakota Utilities Co. v. Public Service Commission, 111 Mont. 78, 107 P.2d 533, inconsistent with this opinion are hereby expressly overruled."

Both cases were properly decided, the difference in result is based on the fundamental difference between the nature of the causes of action involved. In Montana-Dakota Utilities Co. the Court said:

"* * * The cause of the action is the threatened enforcement or operation of the order in Valley and Phillips counties. It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose. Operation of the order is what is alleged will injure plaintiff. Section 3906, as amended by Chapter 56,Laws of 1937, provides that the orders'shall become operative' within twenty days after their filing. It is the operation of the order that the action seeks to enjoin. True, the complaint also seeks to set aside the order, but only because its operation allegedly would injure plaintiff by confiscating its property. The operation of the order will be accomplished, if at all, in Valley and Phillips counties where the order is made applicable. It is our view that the cause of action arose in Valley and Phillips counties and not in Lewis and Clark county."

Montana-Dakota Utilities Co. was discussed with approval in Cecil v. Superior Court In and For Los Angeles County, 59 C.A.2d 793, 140 P.2d 125, 129, where the California Court responding to an argument like that made by plaintiffs here, said:

"It is where the shaft strikes him, not where it is drawn, that counts."

Here, the injunction is aimed at stopping irreparable harm in Teton County, that is where the arrow strikes and where venue is proper.

The district court's denial of the motion for a change of venue is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.