No. 13590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

BILLINGS ASSOCIATED PLUMBING et al.,

Plaintiffs and Respondents,

-vs-

DAVID M. EMERSON et al., BOARD OF
PLUMBERS, STATE OF MONTANA,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Hon. Mike Greely, Attorney General, Helena, Montana
Dennis Moreen argued, Assistant Attorney General,
Helena, Montana

For Respondents:

Calton and Stephens, Billings, Montana
Calvin A. Calton argued, Billings, Montana

---

Submitted: March 21, 1977

Decided: MAY 2 1977

Filed: MAY 2 1977

Thomas J. Kearney
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This appeal stems from an action filed in Yellowstone County by respondents, pursuant to the Uniform Declaratory Judgment Act, section 93-8901, et seq., R.C.M. 1947, questioning the constitutionality of section 66-2427, R.C.M. 1947, as applied to them. Respondents are master plumbers, licensed by appellant, Board of Plumbers, and engaged in contracting for plumbing services within the jurisdictional limits of the City of Billings, Montana. Section 66-2427 requires a permit, accompanied by a fee, for the installation, removal, alteration or repair of plumbing and drainage systems in a building or structure, with certain exceptions.

Respondents alleged in their complaint that a permit and permit fee is also required by the City of Billings Municipal Building Code which was adopted in accordance with section 69-2112, R.C.M. 1947, and is as strict or stricter than the Montana Plumbing Code. It is further alleged that respondents must pay two fees, but receive only one inspection which is performed by the city inspector. Therefore, respondents conclude that the permit fee required by section 66-2427 is an invalid exercise of police power, and as such violates the due process and equal protection clauses of the Montana Constitution and the Constitution of the United States.

Appellant then filed a consolidated motion to dismiss and a motion for change of venue to Lewis and Clark County which was denied. The denial of the motion for change of venue was then appealed, and is the only matter presented for our consideration.

Since the Uniform Declaratory Judgment Act does not fix venue of a declaratory judgment action, the general venue statutes

apply. The two statutes specifically applicable to the situation at hand are sections 93-2902(2), R.C.M. 1947, and 93-2906(1), R.C.M. 1947. Section 93-2902(2) provides:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

" * * *

"2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

Section 93-2906(1) provides:

"The court or judge must, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county."

These statutes were recently discussed at length in Guthrie v. Montana Dept. of Health and Environmental Sciences, _____Mont._____, _____P.2d_____, 34 St.Rep. 155, 160, (1977). Guthrie also involved a state agency and private litigants, however there the private parties sought an injunction. As stated in Guthrie, in deciding which is the proper county under section 93-2902(2), the determinative factors are the nature of the cause of action and where it arose.

Appellant argues that this cause of action arose in Lewis and Clark County, the official residence of appellant. Relying on Gildroy v. Anderson, 159 Mont. 325, 497 P.2d 688, and Lunt v. Div. of Workmen's Compensation, 167 Mont. 251, 253, 537 P.2d 1080, appellant contends that its official action and conduct which transpired in Lewis and Clark County gave rise to the present action.

Respondents, on the other hand, assert that it is the implementation of the administrative regulations and the actual

- 3 -

effect in Yellowstone County of the operation of section 66-2427 which is at issue here. Respondents rely upon Montana-Dakota U. Co. v. Public Ser. Comm., 111 Mont. 78, 107 P.2d 533, and submit that the Montana-Dakota U. Co. case was not overruled by the decision in Lunt with respect to the factual situation at hand. We agree.

In Lunt it states:

" * * * Any portions of Montana-Dakota Utilities Co. v. Public Service Commission, 111 Mont. 78, 107 P.2d 533, inconsistent with this opinion are hereby expressly overruled."

The effect of this statement was discussed in Guthrie, at 160:

"Both cases were properly decided, the difference in result is based on the fundamental difference between the nature of the causes of action involved."

Such is the case here. Respondents' complaint does not challenge the statewide application of section 66-2427, R.C.M. 1947. What is questioned is its application to those master plumbers engaged in contracting for plumbing services within the jurisdictional limits of the City of Billings. As stated in Guthrie, venue provisions relating to actions against state agencies should be liberally construed in favor of private litigants. This especially applies when the operation or effect of state agency action is at issue, as in this case, as compared to those causes of action questioning the official conduct itself.

For these reasons, the district court's denial of the motion for change of venue to Lewis and Clark County is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices                    - 4 -