No. 13688

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

ROUNDUP NATIONAL BANK,

            Plaintiff and Appellant,

-vs-

DEPARTMENT OF REVENUE et al.,

            Defendants and Respondents.

Appeal from:  District Court of the First Judicial District,
               Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Towe, Ball & Enright, Billings, Montana

    For Respondents:

        R. Bruce McGinnis, Helena, Montana
        John L. Pratt, Roundup, Montana

    Submitted On Briefs.

Submitted:  December 2, 1977

Decided: DEC 14 1977

Filed: DEC 14 1977

*Thomas J. Kearney*
                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an order entered in the District Court of Lewis and Clark County, granting respondents' motion for change of venue.

On May 20, 1976, appellant paid certain taxes under protest to the county treasurer of Musselshell County. The taxes were paid pursuant to an audit conducted by the Department of Revenue which reassessed appellant's tax liability for the tax years 1969-1973.

This action was filed on July 2, 1976, pursuant to section 84-4502, R.C.M. 1947, in the District Court, Lewis and Clark County, seeking a recovery of the taxes paid under protest. On August 3, the Musselshell County attorney, on behalf of the county treasurer, filed a motion for change of venue to the District Court, Musselshell County. The Department of Revenue joined in the motion. A hearing was held and the motion was granted. Appellant now appeals to this Court.

The sole issue on appeal is whether the District Court erred in granting respondent's motion for change of venue.

Controlling this issue is section 93-2902, R.C.M. 1947, which states:

> "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:
>
> "1. For the recovery of a penalty or forfeiture imposed by statute; except that, when it is imposed for an offense committed on a lake, river, or other stream of water situated in two or more counties, the action may be brought in any county bordering on such lake, river, or stream, and opposite to the place where the offense was committed.
>
> "2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

The determinative factors of the proper place of venue are the nature of the cause of action and the place where it arose. Guthrie v. Montana Department of Health and Environmental Sciences, ____Mont.____, 561 P.2d 913, 34 St.Rep. 155; Billings Associated Plumbing et al. v. Emerson, ____Mont.____, 563 P.2d 1123, 34 St.Rep. 309.

The nature of the cause of action is an action to recover taxes paid under protest. The additional tax assessment on appellant bank was prompted by an audit of the bank which is located in Musselshell County. The audit was actually conducted in Musselshell County. The tax was paid under protest to the Musselshell County treasurer. It is being held in a special tax protest fund therein and any refund found due and owing to appellant will be paid by the county treasurer.

It is clear, therefore, that the cause of action arose in Musselshell County and venue is proper therein.

Judgment affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 3 -