GEORGE D. McGRATH, PETITIONER AND RESPONDENT, *v.*
RAYMON E. DORE, RESPONDENT AND APPELLANT.

No. 13919.
Submitted April 5, 1978.
Decided July 12, 1978.
580 P.2d 1385.

R. Bruce McGinnis, Dept. of Revenue, Helena, for respondent
and appellant.

Barry L. Hjort, Helena, for petitioner and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Petitioner brought this action in the District Court, Silver Bow
County, seeking a writ of mandamus and a declaratory judgment
against respondent Department of Revenue. Respondent moved for
a change of venue to Lewis and Clark County. The District Court,
Honorable James D. Freebourn presiding, denied the motion.
Respondent appeals.

The pertinent facts are:

Petitioner is the Silver Bow County Assessor. By his application for a writ of mandamus and affidavit in support, petitioner contends respondent is responsible to pay him the full amount of his salary, alleged to be $13,347 per year, and has refused to do so. Respondent paid petitioner at a rate of only $12,706 per year.

Respondent's motion for change of venue and the affidavit of its director allege that all payroll functions of the Department of Revenue are carried out at its headquarters in Lewis and Clark County.

The single issue is whether the District Court erred in denying respondent's motion for change of venue.

The parties agree that sections 93-2906(1) and 93-2902(2), R.C.M.1947, are applicable to a determination of proper venue in this case. Section 93-2906(1) provides:

"The court or [the] judge must, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county."

Section 93-2902(2) provides:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"* * *

"2. Against a public officer, or person[s] specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

The Department of Revenue contends the cause of action arose in Lewis and Clark County because the alleged wrongful acts by department officials occurred in that county. Petitioner responds that the salary was allegedly set in Silver Bow County, and the wrong occurred when petitioner received his check for the wrong amount, also in Silver Bow County.

There is no dispute that a change of venue pursuant to the statutes heretofore noted is not a matter of discretion with the District Court, but is mandatory if the county in which the action was filed "is not the proper county." *Guthrie v. Montana Department of Health and Environmental Sciences*, (1977), 172 Mont. 142, 561 P.2d 913.

Our decision in *Guthrie* also establishes the general test relating to proper venue:

"Thus the answer to the question of proper venue under section 93-2902(2), R.C.M.1947, lies in the analysis of two dependent variables, the nature of the cause of action and the time and place where it springs into existence." 561 P.2d 916.

The cause of action herein, although incorporating a claim for relief in the form of declaratory judgment, is essentially one of mandamus. We note the District Court found as a fact that the instant action is for mandamus. It is clear petitioner seeks to establish a duty on the part of the respondent to pay the full amount of his salary, and the neglect or refusal of the respondent to do so.

It is the general rule that venue in a mandamus action is proper in the county where the public official, whose act the petitioner seeks to compel, resides. In *Lunt v. Division of Workmen's Compensation*, (1975), 167 Mont. 251, 537 P.2d 1080, the plaintiff applied for a writ of mandate to compel the Division to set a hearing on his claim for compensation benefits. This Court held venue was proper in Lewis and Clark County, where the Division is headquartered and from which it operates, rather than the county in which the hearing would take place. In so holding, the Court relied on *State ex rel State Dry Cleaners' Board v. District Court*, (Okl.1959), 340 P.2d 939, 942, which held:

" '* * * Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public officially resides. It is at

that place where he officially refuses to act or neglect to act.'" 167 Mont. 254, 537 P.2d 1081.

In discussing our holding in *Lunt* in the case of *Guthrie*, we stated:

"* * * [In *Lunt*] the action was for mandamus. It is difficult to imagine mandamus, based as it is on neglect or refusal by a public official to perform a ministerial duty, which did not arise as the Court said in *Lunt* ' "* * * in the county where the public official officially resides. It is at the place where he officially refuses to act or neglects to act." ' " 561 P.2d 916.

Here, petitioner contends the alleged wrong occurred in Silver Bow County when petitioner began receiving paychecks for less than the claimed amount. We conclude, however, that the alleged wrongful act on the part of respondent, i.e., the neglectful or intentional failure to pay the full amount of wages allegedly due petitioner, occurred in Lewis and Clark County, hence giving rise to petitioner's cause of action in mandamus.

The District Court erred in denying respondent's motion for a change of venue. The cause is reversed.

MR. CHIEF JUSTICE HASWELL, JUSTICES DALY, SHEA and SHEEHY concur.