No. 13919

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

GEORGE D. McGRATH,

                    Petitioner and Respondent,

        -vs-

RAYMON E. DORE, Director
Montana Department of Revenue,

                    Respondent and Appellant.

---

Appeal from:   District Court of the Second Judicial District,
               Honorable James Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        R. Bruce McGinnis, Dept. of Revenue, Helena, Montana

    For Respondent:

        Barry J. Hjort, Helena, Montana

        Cause submitted on briefs.

---

                        Submitted:   April 5, 1978

                        Decided: JUL 12 1978

Filed: JUL 12 1978

<!-- signature -->
Thomas J. Kearney
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner brought this action in the District Court, Silver Bow County, seeking a writ of mandamus and a declaratory judgment against respondent Department of Revenue. Respondent moved for a change of venue to Lewis and Clark County. The District Court, Honorable James D. Freebourn presiding, denied the motion. Respondent appeals.

The pertinent facts are:

Petitioner is the Silver Bow County Assessor. By his application for a writ of mandamus and affidavit in support, petitioner contends respondent is responsible to pay him the full amount of his salary, alleged to be $13,347 per year, and has refused to do so. Respondent paid petitioner at a rate of only $12,706 per year.

Respondent's motion for change of venue and the affidavit of its director allege that all payroll functions of the Department of Revenue are carried out at its headquarters in Lewis and Clark County.

The single issue is whether the District Court erred in denying respondent's motion for change of venue.

The parties agree that sections 93-2906(1) and 93-2902(2), R.C.M. 1947, are applicable to a determination of proper venue in this case. Section 93-2906(1) provides:

> "The court or the judge must, on motion, change the place of trial in the following cases:
>
> "1. When the county designated in the complaint is not the proper county."

Section 93-2902(2) provides:

> "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

" * * *

"2. Against a public officer, or persons
specially appointed to execute his duties
for an act done by him in virtue of his
office; or against a person who, by his
command or in his aid, does anything
touching the duties of such officer."

The Department of Revenue contends the cause of action

arose in Lewis and Clark County because the alleged wrongful

acts by department officials occurred in that county. Peti-

tioner responds that the salary was allegedly set in Silver

Bow County, and the wrong occurred when petitioner received

his check for the wrong amount, also in Silver Bow County.

There is no dispute that a change of venue pursuant to

the statutes heretofore noted is not a matter of discre-

tion with the District Court, but is mandatory if the

county in which the action was filed "is not the proper

county." Guthrie v. Montana Department of Health and

Environmental Sciences, (1977), ____ Mont. ___, 561 P.2d

913, 34 St.Rep. 155, 159.

Our decision in Guthrie also establishes the general

test relating to proper venue:

"Thus the answer to the question of proper
venue under section 93-2902(2), R.C.M. 1947,
lies in the analysis of two dependent vari-
ables, the nature of the cause of action
and the time and place where it springs
into existence." 561 P.2d 916.

The cause of action herein, although incorporating a

claim for relief in the form of declaratory judgment, is

essentially one of mandamus. We note the District Court

found as a fact that the instant action is for mandamus.

It is clear petitioner seeks to establish a duty on the

part of the respondent to pay the full amount of his salary,

and the neglect or refusal of the respondent to do so.

It is the general rule that venue in a mandamus action is proper in the county where the public official, whose act the petitioner seeks to compel, resides. In Lunt v. Division of Workmen's Compensation, (1975), 167 Mont. 251, 537 P.2d 1080, the plaintiff applied for a writ of mandate to compel the Division to set a hearing on his claim for compensation benefits. This Court held venue was proper in Lewis and Clark County, where the Division is headquartered and from which it operates, rather than the county in which the hearing would take place. In so holding, the Court relied on State ex rel. State Dry Cleaners' Board v. District Court, (Okla. 1959), 340 P.2d 939, 942, which held:

> "'* * * Since the cause of action arises where the neglect or refusal on the part of the public official takes place, it might be argued that the alleged neglect in this case took place in Nowata County where the Board failed to hold the hearing. However, we are of the opinion that in an action for mandamus the cause of action arises in the county where the public official officially resides. It is at that place where he officially refuses to act or neglect to act.'"
> 167 Mont. 254.

In discussing our holding in Lunt in the case of Guthrie, we stated:

> "* * *[In Lunt] the action was for mandamus. It is difficult to imagine mandamus, based as it is on neglect or refusal by a public official to perform a ministerial duty, which did not arise as the Court said in Lunt '"* * * in the county where the public official officially resides. It is at that place where he officially refuses to act or neglects to act."'" 561 P.2d 916.

Here, petitioner contends the alleged wrong occurred in Silver Bow County when petitioner began receiving paychecks for less that the claimed amount. We conclude, however, that the alleged wrongful act on the part of respondent, i.e., the neglectful or intentional failure to pay the full amount of wages allegedly due petitioner, occurred in Lewis and

-4-

Clark County, hence giving rise to petitioner's cause of action in mandamus.

The District Court erred in denying respondent's motion for a change of venue. The cause is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices