No. 14531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

STATE OF MONTANA, MONTANA CONSUMER COUNSEL,

　　　　Petitioner and Respondent,

-vs-

MONTANA DEPARTMENT OF PUBLIC SERVICE
REGULATION et al.,

　　　　Respondents and Respondents,
　　and

CITY OF BILLINGS,

　　　　Respondent and Appellant.


Appeal from:　District Court of the First Judicial District,
　　　　　　　Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

　　For Appellant:

　　　　Calvin A. Calton, Billings, Montana

　　For Respondents:

　　　　Geoffrey Brazier, Helena, Montana
　　　　James Paine, Helena, Montana
　　　　Thomas N. Kelley, Billings, Montana
　　　　David McCullough, Billings, Montana


Submitted on briefs: January 29, 1979

Decided: APR -6 1979

Filed:

_Thomas J. Kearney_
　　　　　　　　Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This appeal is from an order of the District Court, First Judicial District, Lewis and Clark County, denying a motion to change the place of trial to the District Court of the Thirteenth Judicial District, Yellowstone County.

This cause is decided on briefs without oral argument.

Appellant, City of Billings, Montana (Billings) operates a water department providing water services to customers, all residing in Yellowstone County, Montana, but principally within the city limits of Billings.

On October 17, 1977, Billings petitioned the Montana Department of Public Service Regulation and Montana Public Service Commission (PSC), for authority to increase the rates charged by Billings to its customers. On July 17, 1978, PSC entered an order authorizing Billings to increase its rates by the amount of $1,636,000 per year. Billings, dissatisfied with the PSC water rate order, filed an action for review in the District Court in Yellowstone County.

The Montana Consumer Counsel had also participated in the proceedings before the PSC on the water rate application by Billings. The Consumer Counsel, also dissatisfied with the PSC order of July 17, 1978, filed for judicial review of the same water rate order in the District Court of Lewis and Clark County.

Billings was named, properly, as a respondent in the Lewis and Clark County District Court action brought by the Consumer Counsel. On August 25, 1978, Billings filed

its motion in the Lewis and Clark County District Court action for a change of venue from that county to the District Court of Yellowstone County. After objections were filed by the Consumer Counsel, the Lewis and Clark County District Court denied the motion on September 7, 1978.

Billings moved for a reconsideration of that denial which was not granted. Appeal to this Court by Billings followed.

The action in Yellowstone County District Court brought by Billings is still pending.

The Montana Consumer Counsel is an "office" under 1972 Mont. Const., Art. XIII, §2. It has the constitutional duty to represent consumers in hearings before the Public Service Commission among others. Under statutes implementing the Constitutional provision, the Consumer Counsel "may institute, intervene in, or otherwise participate in appropriate proceedings in the state and federal courts . . . in the name of and on behalf of the utility and transportation consuming public of the State of Montana or substantial elements thereof including review of decisions rendered by [the PSC]." Section 70-707(5), R.C.M. 1947, now section 69-2-202(2) MCA.

Under this statutory grant of power, the Consumer Counsel represented before the PSC the water consumers in Yellowstone County affected by the Billings application for water rate increase, and still represents their interest.

Any party in interest dissatisfied with an order of the PSC fixing utility rates may bring an action to set aside those rates. Section 70-128, R.C.M. 1947, now section 69-3-402(1) MCA. The place of trial is not specifically fixed in that section, except to say:

-3-

". . . [M]ay within thirty days commence an action in the <u>district</u> <u>court</u> <u>of</u> <u>the</u> <u>proper</u> <u>county</u> against the commission and other interested parties as defendants to vacate and set aside . . . such . . . rates . . ." (Emphasis added.)

Billings contends that the "proper county", contemplated in the foregoing statute is to be determined under the provisions of section 93-2902, R.C.M. 1947, now sections 25-2-103 and 25-2-105 MCA, which provided in pertinent part:

"Actions for the following causes must be tried in the county where the cause or some part thereof arose, subject to the like power of the court to change the place of trial:

". . .

"2. Against a public officer, or persons specially appointed to execute his duties, for an act done by him in virtue of his office . . ."

Billings further contends that under our decision of Montana-Dakota Utilities v. Public Service Commission of Montana (1940), 111 Mont. 78, 107 P.2d 533, Yellowstone County is the place where the order of the PSC will be put into operation, and therefore the District Court of that county is the place where the action must be tried.

On the other hand, the Consumer Counsel contends, and its original petition in the District Court recites, that he brings his action in Lewis and Clark County District Court under the provisions of the Montana Administrative Procedure Act, and particularly under section 82-4216, R.C.M. 1947, now section 2-4-702 MCA, which provides in subdivision (2)(a) thereof:

"Proceedings for review shall be instituted by filing a petition in district court within thirty days after service of the final decision of the agency . . . <u>Except</u> <u>as otherwise provided by statute</u>, the petition shall be filed in the district

-4-

court for the county where the petitioner
resides or has his principal place of business
or where the agency maintains its principal
office." (Emphasis added.)

The Consumer Counsel further contends, and the District
Court agreed, that the decision in Montana-Dakota, was
overruled in Lunt v. Division of Workmen's Compensation
(1975), 167 Mont. 251, 537 P.2d 1080.

Section 82-4216, R.C.M. 1947, is a general statute
providing for judicial review of the actions of any admini-
strative agency of the state. Section 70-128, R.C.M. 1947,
on the other hand is specifically directed to judicial
review of rate orders of the PSC. Moreover, the language of
section 82-4216, "except as otherwise provided by statute"
seems to indicate the legislative intent that in specific
instances, other statutes be looked to in order to determine
venue. The general rule is that where two statutes, one of
which deals with a subject in general terms and another in
more minute terms, the special statute controls the general
statute to the extent of any inconsistency. State v. Holt
(1948), 121 Mont. 459, 194 P.2d 651; In Re Wilson's Estate
(1936), 102 Mont. 178, 56 P.2d 733. But the statutes are to
be harmonized if possible. We hold therefore that it is
permissible for the Consumer Counsel to bring actions for
judicial review of PSC-fixed utility rates under the pro-
visions of section 82-4216, but where the venue chosen is
challenged by a proper party, then the provisions of section
70-128, R.C.M. 1947, now section 69-3-402(1) MCA, control in
determining venue.

In examining section 70-128, now section 69-3-402(1)
MCA, we see that the action may be brought in the District
Court of the "proper county". In the case of an action
against a governmental agency or public officer, the

-5-

proper county is determined by section 93-2902, now sections 25-2-103 and 25-2-105 MCA. As we have shown, the proper county under section 93-2902 is that "where the cause, or some part thereof, arose".

The cause of action here is the threatened enforcement and collection in Yellowstone County of water rates established by the order of PSC. The PSC order is operative only in Yellowstone County. The order may have been deliberated upon and issued out of the offices of PSC in Helena, but the attack upon the order is upon its operative effect, which takes place wholly in Yellowstone County. The operative effect of the order is to set rates for water supplied and used in Yellowstone County. Billings is contending that the water rates set by the PSC are not sufficient. The Consumer Counsel is contending that the water rates are excessive. The result in either case can affect consumers only in Yellowstone County. The cause of action therefore arises in that county.

In our decision in Montana-Dakota, we determined that under section 93-2902, it is not the mere making of the order but the place where it is put into operation, that determines where the cause of action arose. 111 Mont. at 80, 107 P.2d at 535. When this Court said in Lunt, that the holding in Montana-Dakota was overruled, it was only to the extent that Lunt was inconsistent with the earlier case. Lunt and Montana-Dakota were each properly decided within their respective spheres. We said so in Guthrie v. Montana Department of Health and Environmental Sciences (1977), _____ Mont. _____, 561 P.2d 913, 34 St.Rep. 155, 160.

-6-

Similarly in Billings Associated Plumbing v. Emerson (1977), _____ Mont. _____, 563 P.2d 1123, 34 St.Rep. 309, we agreed that the Montana-Dakota case was not overruled by the decision in Lunt with respect to the factual situation presented in Billings Associated Plumbing. Here, it is the operation of the PSC order that is alleged to injure either Billings or the persons represented by the Consumer Counsel. Under that factual situation, the decision of Montana-Dakota is very much alive for this case and controls our determination here.

The order of the District Court denying change of venue is reversed. The cause is remanded to the District Court with instructions to enter an order to transfer the cause from the District Court of the First Judicial District, Lewis and Clark County, to the District Court of the Thirteenth Judicial District, Yellowstone County.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-7-