JUSTICE GRAY
dissenting:
I dissent. Section 25-2-125, MCA, provides that venue for an action against a public officer or his agent is “the county where the cause or some part thereof arose.” Aline of cases prior to Ford established that, under this standard, a cause arises in the county in which the defendants committed the wrongful acts which create the right to sue. See, e.g., Lunt v. Division of Workmen’s Comp. Dept. of Lab. & I. (1975), 167 Mont. 251, 537 P.2d 1080; Bergin v. Temple (1941), 111 Mont. 539, 547, 111 P.2d 286, 289-90.
In 1984, this Court decided Ford. In that case, there were two applicable venue statutes because there were multiple defendants. Concluding that it was necessary to harmonize the venue statutes, this Court extended the meaning of “where the cause or some part thereof arose” to include where the decision at issue was “put in operation.” Ford, 676 P.2d at 210. However, following the enactment *467 of § 25-2-115, MCA, in 1985, it is no longer necessary to harmonize venue statutes if more than one applies. Now, if two venue statutes apply, the plaintiff can choose from any venue proper under either statute.
The majority’s opinion in this case stretches the language of § 25-2-125, MCA, beyond recognition. “The county where the cause or some part thereof arose” now includes the county where the “effect of the decision is felt.” This sweeping interpretation nullifies the legislature’s intent to place venue where the public officer or his agent performs the acts giving rise to the cause of action. It is particularly egregious here, where the defendants all worked in Helena and their conduct in reviewing the proposals and determining which proposals would be accepted occurred in Lewis and Clark County.
In the absence of the need to harmonize, I would return to the reasonable and workable interpretation of § 25-2-125, MCA, established in the line of cases preceding Ford. Therefore, I would reverse the District Court and direct it to grant the motion for change of venue.
CHIEF JUSTICE TURNAGE concurs in the dissent of JUSTICE GRAY.