NO. 94-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MERCURY MARINE, a division of
Brunswick Corp.,

Plaintiff and Appellant,

-vs-

MONTY'S ENTERPRISES, INC., also known
as Monte White Enterprises, d/b/a
MONTY WHITE FORD & SUBARU and d/b/a
MONTY WHITE SPORTS and MONTY R. WHITE,
individually,

Defendants and Respondents.

APPEAL FROM:  District Court of the Second Judicial District,
              In and for the County of Silver Bow,
              The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Lewis K. Smith; Smith Law Firm, Helena Montana

        For Respondent:

        Mark A. Vucurovich; Henningsen, Vucurovich &
        Richardson, Butte, Montana

Submitted on Briefs:  March 2, 1995

Decided:  March 31, 1995

FILED

Filed: MAR 3 1 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Mercury Marine, plaintiff/appellant, filed suit against Monty R. White (White) based upon White's execution of a contract of guarantee in which White guaranteed payment of an open account in the name of Monty White Ford & Subaru (White Ford & Subaru). White filed a motion for summary judgment contending that the five-year statute of limitations on the open account with White Ford & Subaru had expired and, thus, White's contract of guarantee was exonerated under § 28-11-211, MCA. The District Court granted White's motion for summary judgment. Mercury Marine appeals from the granting of summary judgment. We reverse.

Factual Background

Mercury Marine is a division of Brunswick, Inc., which manufactures and distributes marine engines and other products. In 1978, Mercury Marine agreed to supply marine engines and other products to White Ford & Subaru for retail sale on an open account. White, the owner of White Ford & Subaru, executed a personal guarantee on June 3, 1978, guaranteeing payment on the open account. Pursuant to these agreements, Mercury Marine delivered Mercury Marine engines to White Ford & Subaru in 1981 and 1983.

Mercury Marine alleges that White Ford & Subaru failed to pay for the engines on the 1981 and 1983 purchase orders. White Ford & Subaru and White, individually, dispute whether any money is still due and owing with regard to those purchases. However, in response to collection efforts by Mercury Marine, White made two $100 payments on the open account on February 20, 1987 and April

2

10, 1987.

Mercury Marine filed suit against White Ford & Subaru and White, individually, on April 8, 1992. The complaint seeks payment of the sum of $20,782.69, allegedly due and owing for the 1981 and 1983 purchase orders. White was named as a defendant pursuant to his personal guarantee executed on June 3, 1978.

Standard of Review

This Court's standard of review on a grant of summary judgment is identical to that of the trial court. Johnson v. Nyhart (Mont. 1995), ___ P.2d ___, ___, 52 St.Rep. 37, 39; Cooper v. Sisters of Charity of Leavenworth (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Marrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331.

In the case at hand, assuming, arguendo, that there is an outstanding debt, there are no genuine issues of material fact and, thus, the matter is ripe for a summary ruling on the issue of law, that is, "Does the running of the statute of limitations against the principal exonerate or discharge the guarantor?"

Discussion

The statute of limitations as it applies to White Ford & Subaru.

The debt owing on the open account by White Ford & Subaru is subject to a five-year statute of limitations pursuant to § 27-2-202(2), MCA. The last payment on the open account was made on April 10, 1987. The five-year statute of limitations thus expired

3

as of April 10, 1992. Since Mercury Marine did not file its complaint until April 28, 1992, the filing of the complaint was some eighteen days beyond the five-year statute of limitations and thus any claim based upon the open account is barred by § 27-2-202(2), MCA. On that basis, the District Court granted summary judgment to White Ford & Subaru and Mercury Marine has not appealed from that summary judgment.

> Does the running of the statute of limitations against the principal thereby exonerate the guarantor, Monty R. White?

The debt owing on the written contract of guarantee by White individually is subject to an eight-year statute of limitations pursuant to § 27-2-202(1), MCA.

Mercury Marine's complaint dated April 28, 1992, was within eight years of April 10, 1987, the date of the last payment on the open account. White, however, contends that since Mercury Marine allowed the five-year statute of **limitations to** run **as against** the principal, White is exonerated under the provisions of § 28-11-211(1), MCA, which provides as follows:

> A guarantor is exonerated, except so far as he **may** be indemnified by the principal, if by any act of the creditor without the consent of the guarantor the original obligation of the principal is altered in any respect or the remedies or rights of the creditor against the principal in respect thereto are in any way impaired or suspended.

The District Court, relying upon the above statute, held that White was entitled to exoneration as a matter of law. We disagree.

Although this case presents an issue of first impression in the state of Montana, we do have the benefit of case law from the

4

states of California and Oklahoma, both of which have statutes which parallel Montana's § 28-11-211(1), MCA.

Section 2819 of the California Civil Code provides as follows:

A surety* is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended.

The California Supreme Court had occasion to address the issue of whether the guarantor is exonerated when the cause of action against the principal is barred by the statute of limitations in Bloom v. Bender (Cal. 1957), 313 P.2d 568, superseding (Cal.App. 1957), 305 P.2d 975. The Bloom decision involved a guarantee by Bess Bender of an open account for Midwest Sportswear Company, Inc. The case involved a composition agreement entered into by Midwest in an attempt to avoid insolvency. The beneficiary of the guarantee contract then filed suit against the guarantor for the unpaid balance owing on the open account. The district court found the guarantee contract was a separate and distinct contract on which the statute of limitations had not run and that the guarantor was not exonerated as she expressly consented in the guarantee contract to the release or compensation agreement.

On appeal, the California Supreme Court held that the running of the statute of limitations against the principal did not bar the action against the guarantor.

---

'In California, the distinction between sureties and guarantors has been abolished. Section 2787 Calif. Civil Code.

5

> Although there is a substantial conflict of authority in other jurisdictions as to whether a surety is discharged when the cause of action against his principal is barred by the statute of limitations (see 72 C.J.S. Principal and Surety § 233, page 692), this Court has recognized that "the more reasonable and logical rule, supported by a number of cases, is that the obligation of the surety remains notwithstanding the fact that the statute of limitations has run on the obligation of the principal. [Citations.]" . . Thus, in California, the obligation of defendant on her continuing guarantee is not barred merely because the statute of limitations had run against the obligation of the principal debtor, Midwest.

Bloom, 313 P.2d at 571. This holding in Bloom was reaffirmed by the California Supreme Court in Regents of Univ. of Calif. v. Hartford Accident & Indemnity Co. (1978), 581 P.2d 197, 203.

We agree with the California Supreme Court's conclusion that the obligation of a guarantor is not barred due to the running of the statute of limitations as to the obligation of the principal. Furthermore, such an interpretation of § 28-11-211, MCA, is necessary in order to harmonize that statute with another more specific statute relating to the same subject matter. Section 28-11-213, MCA, provides as follows:

> Mere delay on the part of a creditor to proceed against the principal or to enforce any other remedy does not exonerate a guarantor.

It is a basic principle of statutory interpretation that this Court will, if possible, construe statutes so as to give effect to all of them. Section 1-2-101, MCA. Further, "when a general statute and a specific statute are inconsistent, the specific statute governs, so that a specific legislative directive will control over an inconsistent general provision." Gibson v. State Comp. Mut. Ins. Fund (1992), 255 Mont. 393, 396, 842 P.2d 338, 340; citing State v.

6

Montana Dep't of Public Service Regulation (1979), 181 Mont. 225, 593 P.2d 34.

In interpreting §§ 28-11-211 and 28-11-213, MCA, it is instructive to look to the state of Oklahoma which has a general exoneration statute identical to Montana's § 28-11-211, MCA. See Okla. Stat. 15, § 338. Oklahoma also has a statutory provision which parallels Montana's § 28-11-213, MCA. Okla. Stat. 15, § 342, like Montana's § 28-11-213, MCA, provides, "[m]ere delay on the part of a creditor to proceed against the principal, or to enforce any other remedy, does not exonerate a guarantor." The Oklahoma Court, relying on this latter statutory provision, concluded that an action to recover on a contract of guarantee cannot be defeated by showing that the claim against the original debtor has been barred by the statute of limitations. Dupree v. Jordan (1927), 252 P. 67, 70-71; Apache Lanes, Inc. v. National Educators Life Ins. co. (1974), 529 P.2d 984, 986; appeal after remand, 555 P.2d 600.

The reasoning of the California and Oklahoma Supreme Courts is in accord with the Restatement of Security § 130 Comment a on subsection (1) and illustration 2 (1941).

The Supreme Courts of Oklahoma and California have interpreted statutory provisions identical to Montana's §§ 28-11-211 and 28-11-213, MCA. We concur with their interpretation that the creditor's claim against a guarantor is not exonerated by the running of the statute of limitations as against the principal.

We conclude that the District Court erroneously interpreted and applied Montana law in issuing its summary judgment.

Accordingly, we reverse and remand to the District court for further proceedings consistent with this decision.

_W. William Bayhurst_
Justice

We concur:

_Karla M. Gray_

_Tony Trewils_

_William E. Hunt Sr._

_____
Justices

March 31, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the folllowing certified order was sent by United States mail, prepaid, to the following named:

R. J. "Jim" Sewell, Jr.
Lewis K. Smith
SMITH LAW FIRM
Box 604
Helena MT 59624-0604

Mark A. Vucurovich, Esq.
HENNINGSEN, VUCURO'VICH & RICHARDSON
Box 399
Butte MT 59702-0399

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy