BERGIN, APPELLANT, *v.* TEMPLE, SHERIFF, ET AL., RESPONDENTS.

(No. 8,141.)

(Submitted January 30, 1941. Decided March 15, 1941.)

[111 Pac. (2d) 286.]

*Messrs. Emigh & Murray* and *Mr. R. Lewis Brown,* for Appellant, submitted a brief; *Mr. J. F. Emigh* argued the cause orally.

*Mr. Theodore F. McFadden, Messrs. Gilbert & Gilbert* and *Mr. Leonard A. Schulz,* for Respondents, submitted a brief; *Mr. McFadden* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff appeals from an order granting a motion for change of venue in an action for false imprisonment against defendant Temple, sheriff of Beaverhead county, and his surety on his official bond.

The complaint alleges that the defendant, acting as sheriff of Beaverhead county, wrongfully arrested plaintiff, and did "then and there take him prisoner and did imprison plaintiff, and did thereupon remove said plaintiff from said County of Beaverhead into Silver Bow County, State of Montana, and did then and there imprison and restrain * * * and deprive plaintiff of his liberty in the County of Silver Bow, Montana, and did remove said plaintiff from the County of Silver Bow again into the County of Beaverhead, and did then and there hold plaintiff in the County of Beaverhead * * *. That said defendant did * * * imprison and restrain plaintiff of his liberty for a long time, to-wit, a period of about five (5) hours, of which said time plaintiff was unlawfully imprisoned and restrained of his liberty in the County of Silver Bow and State of Montana for the period of about one (1) hour and was by said defendant, Sheriff Paul E. Temple, transported through said Silver Bow County while so imprisoned and unlawfully restrained of his liberty for a great distance, to-wit, about forty (40) miles."

The written motion and affidavit for change of place of trial show that plaintiff's arrest was made by defendant at Wise River, Beaverhead county, in defendant's capacity as sheriff thereof, "and that the affiant did immediately thereafter, and while he had the said plaintiff in his custody, take the said plaintiff, with due and reasonable dispatch, to the county seat of said Beaverhead County, Montana, to-wit, the City of Dillon, * * * ; that the shortest traveled route between said Town of Wise River, the place of said alleged false arrest, and the said City of Dillon, traverses the said County of Silver Bow a distance of approximately twelve (12) miles, and no more, and

that the alleged false imprisonment of the plaintiff by affiant within said Silver Bow County, if any there was, existed only during the time said parties were traveling with said due and reasonable dispatch upon said route, in and through said Silver Bow County, and for a period of time not exceeding thirty (30) minutes;

"That the alleged cause of action set forth in the plaintiff's Complaint in said action, and the whole thereof, arose in Beaverhead County, Montana, and that said alleged cause of action did not, nor did any part thereof, arise in Silver Bow County, Montana, wherein said action was commenced and is now pending."

It is agreed that the allegations show only one imprisonment, and that only one cause of action is set up, and not two. Furthermore, there is no contention that the cause of action can be split so as to permit suit on only that part of the imprisonment which occurred within Silver Bow county.

It is further agreed that the controlling statute is that portion of section 9094, Revised Codes, reading as follows:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"     *     *     *

"2. Against a public officer,     *     *     *     for an act done by him in virtue of his office;     *     *     *     ."

The decisive question is the meaning of the words "the county where the *cause*, or some part thereof, *arose*." Appellant contends that they mean "the county where the *tort*, or some part thereof, was *committed*," and that since a part of the imprisonment or restraint was within Silver Bow county, that was a proper county for trial even though the arrest was made and almost the entire imprisonment took place in Beaverhead county. The respondents contend that "tort" and "cause" are by no means identical in meaning; that as a matter of fact the section in question relates not merely to torts but to other kinds of action; that according to the complaint plaintiff's cause arose immediately upon his arrest in Beaverhead county and that

therefore no part of it arose in Silver Bow county, through which he was later taken on his way to the county seat.

In view of the fact that the applicable portion of section 9094, Revised Codes, is not limited to torts, the question seems to become this: Whether the words "the county where the *cause, or some part thereof, arose*" are synonymous with the words "the county where the *transaction in question, or some part thereof, occurred*"; or, otherwise stated, Does some part of the *cause* necessarily *arise* wherever some part of the *transaction occurred*?

Unfortunately, due partly to a difference in venue statutes, we have found no controlling precedent with direct reference to such a statute as ours. Appellant relies upon some language used in *Enos* v. *American Surety Co.*, 95 Mont. 588, 28 Pac. (2d) 197, and in *Haffner* v. *United States F. & G. Co.*, 35 Idaho, 517, 207 Pac. 716, under an identical statute; but in each of those cases suit was filed in the county in which plaintiff was arrested and the defendants sought to remove it to the county in which plaintiff was subsequently imprisoned. In those cases and also in *Ellis* v. *Baker*, 62 App. Div. 542, 71 N. Y. Supp. 88, the courts, without considering the question presented here or analyzing the meaning of the statute, denied the change of venue, saying merely that the cause or some portion thereof manifestly arose in the county where suit was filed. But the court did not attempt to decide whether all or only a part of the cause arose in the county of arrest, for the venue was properly laid there and the suit could not be removed in either event. Obviously the defendant was not entitled to have the cause removed to the other county, even if part of the cause also arose there; the question was therefore neither presented nor ruled upon whether part of the cause arose in the county where some of the imprisonment thereafter occurred, which is the sole question here. If, in this case, some part of the cause arose in Silver Bow county, the suit, having been filed there, may not be removed therefrom even though the greater part of it arose in Beaverhead county. But obviously "the cause, or some part thereof, arose" in Beaverhead county, where the arrest occurred,

and it is therefore a proper place of trial, as held in the three cases just cited. If, therefore, no part of the cause arose in Silver Bow county, where the action was filed, Beaverhead county was not only a proper place, but the only place for trial, and the court committed no error in ordering its removal there.

The only other decision we have been able to find even remotely supporting appellant's contention is *Shugart* v. *Cruise,* 260 Fed. 36, (C. C. A. 4) in which under a Virginia statute providing that "an action may be brought in any county or corporation wherein the cause of action, or any part thereof, arose," it was held that suit could be prosecuted in the county of the imprisonment although the arrest was made elsewhere. But it appears from the decision that the Virginia practice permits separate tort actions arising from a single transaction to be joined in one action, and recognizes unlawful arrest as a separate tort from the unlawful imprisonment; for the court recited that the suit was for *"three distinct causes of action— unlawful search* and *unlawful arrest* in the county of Franklin, Va., and *unlawful imprisonment* in the county of Henry, Va."* The court said:

"While the question of jurisdiction is not raised in the assignments of error, it is now suggested that the court below was without jurisdiction, * * * .

"It is admitted that the court had jurisdiction to try defendants for trespass in Henry county; however, it is contended that it had no jurisdiction to try defendants for trespass committed in Franklin county, and that the court below was in error in not requiring plaintiff to elect upon which cause of action he would proceed, and in compelling them to submit to a trial of three causes of action, in only one of which the court had jurisdiction, and that the verdict of the jury included damages for three trespasses, when they could only have ascertained the damages for one.

"The home of plaintiff in Franklin county was invaded, and the trespass which began there was continued until his lodgment in jail in Henry county, and was therefore a continuing tort, and the amendments in question amplified the grounds upon

which plaintiff sought to recover damages, which gave them adequate information as to the nature of plaintiff's demands. Therefore under the circumstances we can see no prejudicial error in granting the same."

In other words, the objection was not raised in the trial court or even in the specifications of error on appeal. The question being discussed was the propriety of an order permitting an amendment of the complaint; the discussion of venue was incidental, without a specification of error, the venue of one of the three associated causes was admittedly in the trial court, and no objection as to the venue of the other two causes was raised there. The case involved three separate causes of action which, according to Virginia law, were considered triable together as having arisen from one "continuing tort," and one of the causes apparently had its venue in the county where the suit was filed. The holding under those circumstances, that the other two causes arising outside of that county, could be tried in the same suit, which is its real effect, has no application to the issue in this case, where admittedly but one cause of action is alleged.

Finding no controlling or even persuasive decision as to the meaning of the venue statute, we must necessarily consider the meaning of the words "cause" and "arose." Only thus can we determine what the cause was and where it, or a part of it, arose.

The word "cause" has a variety of meanings, but in this connection it can mean only "cause of action." "Action" is defined by section 8997, Revised Codes, as a proceeding for "redress or prevention of wrong," and "cause of action" has repeatedly been defined by this court as "the right which a party has to institute a judicial proceeding." In *Dillon* v. *Great Northern Railway Co.,* 38 Mont. 485, 100 Pac. 960, this court said with reference to torts: "A cause of action is the right which a party has to institute a judicial proceeding. (*Meyer* v. *Van Collem,* 28 Barb. (N. Y.) 230.) As applied to a tort, it is composed of the right of the plaintiff and the wrong of the defendant (*Veeder* v. *Baker,* 83 N. Y. 156), and

the wrong of the defendant is the infringement of plaintiff's right. (*Atchison, T. & S. F. R. Co.* v. *Rice,* 36 Kan. 593, 14 Pac. 229.) . To constitute a cause of action for a tort, then, the plaintiff's right must have been infringed by the wrongful act of the defendant, with the result that plaintiff suffered damages.''

We might cite dozens of decisions, in this and other jurisdictions, and numerous other authorities defining ''cause'' or ''cause of action,'' but no useful purpose would be accomplished thereby. As indicated in the *Dillon Case,* supra, a cause of action exists when the plaintiff has a right to institute a judicial proceeding and he has that right under the circumstances described here the moment he can show that the defendant has wrongfully infringed his liberty.

''Arise,'' the verb of which ''arose'' is the past tense, means, according to Webster's New International Dictionary (Merriam-Webster, 2d ed.), ''to spring up, originate; to come into being or notice, to become operative, sensible, visible, or audible; to present itself''; etc. Thus a cause of action arises when it springs up, originates, comes into being, becomes operative, presents itself. In this connection it is equivalent to the definition of ''accrue'' by the above authority as ''to come into existence as an enforceable claim; to vest as a right; as, a cause of action has *accrued* when the right to sue has become vested.'' Obviously if a cause of action exists,—if it has matured or accrued so as to permit suit—it would be impossible to say that the cause of action has not yet arisen.

This court would seem to have eliminated any doubt about the matter, in *Chevrier* v. *Robert,* 6 Mont. 319, 12 Pac. 702. In that case the defendant, being sued upon a judgment rendered against him in Canada, pleaded that he resided in Nevada when the judgment was rendered and so long thereafter that the action was barred by the law of that state. It was admitted that the cause of action arose by reason of the judgment in Canada and was not barred by the laws of that country, but the defendant argued that it also arose in Nevada, and was barred by the provisions of section 55 of the Montana Code

of Civil Procedure, which provided: "When the cause of action shall have arisen in any other state or territory of the United States, or in any foreign country, and by the laws thereof an action cannot be maintained against a person by reason of the lapse of time, no action thereon shall be commenced against him in this territory." It thus became necessary for this court to determine the meaning of the words "when the cause of action shall have arisen"; and this court said: "A cause of action can arise but once; and, when it once accrues, it remains in force until it is extinguished, or satisfied, or barred by statute."

In *Anglo-American L. M. & A. Co.* v. *Lombard,* 132 Fed. 721, (C. C. A. 8) it was held that the place where a cause of action arises is to be determined by inquiring where the act or breach occurs which gives the cause of complaint and creates the necessity for bringing an action. The court quoted with approval the above quotation from *Chevrier* v. *Robert,* and also the following from *Durham* v. *Spence,* 6 L. R. Ex. 46:

"I understand by 'cause of action' that which creates the necessity for bringing the action. * * * Now, the cause of action must have reference to some time, as well as to some place. Does, then, the consideration of the time when the cause of action arises give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises; for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action."

In the *Anglo-American Case* the court held that where a cause of action arises is to be determined by inquiring where the act or breach occurs which first gives the cause of complaint and creates the necessity for bringing suit. It seems clear that in false imprisonment the breach of plaintiff's right is defend-

ant's "unlawful violation of the personal liberty" of plaintiff (sec. 10988, Rev. Codes), which is done at the moment of arrest and from which the cause of action immediately arises, and one cause of action only, whether or not the defendant during the imprisonment *subsequently* crosses a county line.

The dissent argues that if the above reasoning is correct, the reference in section 9094 to "some part" of the cause of action is meaningless. Even if that argument were true, it would give us no excuse for construing "cause" or "arose" to mean what they do not mean, as no decision we have been able to find even attempts to do. There are, of course, torts which can be committed across county lines by the use of weapons or of systems of communication, and torts in which some acts are done in two counties before the cause of action arises, as in malicious prosecution, libel, slander and other torts which might be suggested. There are also other than tort actions in which the cause may arise as the result of prior acts in two or more counties; they also would be within section 9094, which is not limited in tort actions.

It is agreed that here there is only one cause of action and not two. It seems clear, therefore, that the cause of action existed and must be said to have arisen the moment plaintiff's right had been infringed and he became entitled to sue; that is, immediately upon his arrest. While the amount of damages to be recovered might be affected by subsequent circumstances, such as the length and manner of imprisonment, it seems clear that the cause of action arose upon plaintiff's arrest in Beaverhead county, although the tort itself continued for some five hours, during a small portion of which time the defendant sheriff had the plaintiff in custody in Silver Bow county.

If the statute had provided that venue was in any county in which the *tort* or any part thereof was committed, it would necessarily follow that under these circumstances a suit filed in Silver Bow county could not be removed to Beaverhead county, where the cause of action arose. But with the statute as it is, the circumstance that after the arrest was made and the cause of action had therefore arisen the sheriff followed

the shortest traveled route to the county seat and thereby conducted plaintiff over a few miles of public highway within Silver Bow county, cannot be seized upon to permit suit against the sheriff in the county incidentally entered. If the legislature had intended such result it could readily have so provided, as it did in the case of the venue statute applying to torts generally, which, it is admitted, does not apply here.

Section 15, Revised Codes, provides that "words and phrases used in the Codes or other statutes of Montana are construed according to the context and the approved usage of the language," with certain exceptions not material here. Certainly it would not be according to the approved usage of the language to say that a cause of action which has already come into being has not yet arisen because the entire transaction from which it arises has not yet been terminated. If the right to sue exists, the cause of action must already be held to have arisen, unless the obvious and ordinary meaning of the words is to be ignored.

We are therefore constrained to hold that the cause in question arose within the county of Beaverhead, since it came into being at the moment of plaintiff's arrest there. It follows, therefore, that no part of the cause arose within Silver Bow county and that the trial court's order removing the action to Beaverhead county must be affirmed. Accordingly it is so ordered.

ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ANGSTMAN:

I dissent. False imprisonment is the unlawful restraint by one person of the physical liberty of another. (22 Am. Jur., False Imprisonment, sec. 2.) When such restraint occurs in more than one county by one continuous act, I think venue may be in either county under section 9094, Revised Codes.

I agree with the statement made by the supreme court of Idaho in the case of *Haffner* v. *United States F. & G. Co.,* 35 Ida. 517, 207 Pac. 716. In that case the arrest was made in

Bannock county and plaintiff was taken to Power county and placed in jail. The action was brought in Bannock county. Motion was made to have the action transferred to Power county. The Idaho statute is identical with our section 9094, Revised Codes. The court in discussing the question as to where the cause of action, or some part thereof, arose, had this to say:

"The arrest took place in Bannock county, and, the cause of action being based in part upon the arrest, it is thus clear that part of it arose in Bannock county. The cause of action is based in part also upon the imprisonment which took place in Power county. It appears, therefore, that part of it arose in Power county."

Again that court said: "Since the arrest occurred in Bannock county, and the imprisonment in Power county, some part of the second cause of action arose in each of these counties. Under C. S. para. 6662, the venue could properly be laid in either county."

It may be suggested that the Idaho court went further than necessary to a decision of the case. It might have done what this court did in *Enos* v. *American Surety Co.*, 95 Mont. 588, 28 Pac. (2d) 197, and held that since a part of the cause of action arose in the county where the action was filed, it was unnecessary to determine whether the whole of it arose there. The Idaho court, whether necessary to the decision or not, made the statements above noted. I think they correctly announce the law. To the same effect is *Ellis* v. *Baker*, 62 App. Div. 542, 71 N. Y. Supp. 88. In *Shugart* v. *Cruise*, 260 Fed. 36, plaintiff was arrested in Franklin county and was imprisoned in Henry county. The same contention was there made as here. The action was commenced in Henry county. The contention was made that the court was without jurisdiction because defendant could not be sued in Henry county for a trespass committed in Franklin county. The court in holding otherwise pointed out that the statute involved provided: "An action may be brought in any county or corporation wherein the cause of action, or any part thereof, arose, although none of the defendants

reside therein." The court held that the action was properly instituted in Henry county where the imprisonment took place, "inasmuch as a part of the cause of action arose in Henry county."

If the reasoning employed in the majority opinion is correct, then section 9094 is meaningless so far as it fixes venue in the county where "part of" the cause of action arises. The majority opinion in effect holds that in every case the entire cause of action must arise at one time and in one place, and there never could be a situation where section 9094 could have application so far as it provides for the venue in the county where "part of the cause of action arose."

I think that the term "cause of action, or some part thereof," as used in section 9094, means the combination of facts constituting the reason why the plaintiff felt aggrieved and why he instituted the action. In effect, in this case, he states that the reason why he felt aggrieved and why he instituted the action is because he was falsely and unlawfully imprisoned for a stated number of hours. When part of that time was in one county and part in another, I think, a part of the cause of action arose in each county.

It is my opinion that the court erred in sustaining the motion for change of venue.

MR. JUSTICE ERICKSON:

I concur in the above dissenting opinion of Mr. Justice Angstman.