No. 80-96

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

CABINET RESOURCE GROUP, A Montana
Non-profit Corporation, MONTANA
WILDERNESS ASSOCIATION, a Montana
Non-profit Corporation,

                    Plaintiffs and Respondents,

    vs.

MONTANA DEPARTMENT OF STATE LANDS,
MONTANA DEPARTMENT OF HEALTH, and
ASARCO, INC.,

                    Defendants and Appellants.


Appeal from:  District Court of the First Judicial District,
              In and For the County of Lewis and Clark.
              Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

        Murphy, Robinson, Heckathorn & Phillips, Kalispell,
         Montana
        John L. Neff, Spokane, Washington
        Hughes, Bennett, Kellner & Sullivan, Helena, Montana
        John F. North, Dept. of State Lands, Helena, Montana
        Mona Jamison, Dept. of Health, Helena, Montana

    For Respondents:

        Morrison Law Offices, Missoula, Montana
        Goetz and Madden, Bozeman, Montana


                            Submitted on briefs: July 22, 1980

                                  Decided: AUG 2 5 1980

Filed: AUG 2 5 1980


_____
            Thomas J. Harmess
                            Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiffs brought this amended action in the District Court, Lewis and Clark County, seeking a writ of mandamus and declaratory judgments against the Montana Department of State Lands (DSL) and the Montana Department of Health and Environmental Sciences (DHES). Several motions were filed by defendants, including a motion filed by defendant ASARCO, Inc., to change venue from Lewis and Clark County to Lincoln County. On January 28, 1980, the Honorable Gordon R. Bennett issued an opinion and order denying defendant ASARCO's motion for change of venue. ASARCO, Inc., appeals.

ASARCO, Inc., is developing a major copper-silver mine and ore processing complex adjacent to Mount Vernon in the Cabinet Mountains, approximately seventeen miles south of Troy, Montana. DSL and the United States Forest Service jointly prepared both draft and final environmental impact statements on the proposed development, and on November 27, 1978, DSL issued an operating permit.

The plaintiffs in this action are two Montana nonprofit corporations, the Cabinet Resources Group and the Montana Wilderness Association; the former has its principal place of business in Libby, Lincoln County, Montana, and the latter in Bozeman, Gallatin County Montana. Defendants DSL and DHES are agencies of the State of Montana with their offices in Helena, Lewis and Clark County, Montana. ASARCO, Inc., is a New Jersey corporation registered and doing business in Montana with offices and an authorized agent for service of process in Helena, Lewis and Clark County, Montana.

DSL is charged with the responsibility of administering the Hard Rock Reclamation Act. Pursuant to that responsibility, DSL must review, and subsequently grant or deny, a

hard rock mining permit based upon the applicant's mining plan and that plan's conformance with water quality, air quality, mine waste disposal, and reclamation standards. Defendant DHES is charged with the responsibility of administering Montana water quality laws. Pursuant to that responsibility, DHES must issue or deny permits for discharge of pollutants into state waters.

Plaintiffs charge that when DSL approved the mining permit it violated the Montana Environmental Policy Act, the 1972 Montana Constitution, and the Hard Rock Reclamation Act. The complaint also alleges that DHES violated state water quality laws when it refused to require that ASARCO obtain a pollution discharge permit. Claiming that recreation and aesthetic benefits derived from the geographic region of the ASARCO mine site will be adversely affected, plaintiffs seek a declaratory judgment of legal interpretation of statutory duties made by DSL and DHES. They also seek a writ of mandamus to require the agencies' compliance with their duties.

Neither the merits of the declaratory judgment nor the merits of the petition for writ of mandamus are before this Court on appeal. The sole issue to be decided is whether the trial court properly denied the motion of defendant ASARCO, Inc., for a change of venue from Lewis and Clark County to Lincoln County.

On August 2, 1979, defendant ASARCO, Inc., filed a motion for a change of venue for the following reasons: (1) proper venue is in the county in which the real property involved is located, pursuant to section 25-2-103, MCA; (2) for the convenience of witnesses; and (3) the ASARCO operations in issue are in Lincoln County.

Section 25-2-103, MCA, does not appear to be intended for this type of action. Cases brought under that statute deal with determination and recovery of proprietary interests in real property, not the environmental interests claimed by plaintiffs. Fraser v. Clark (1954), 128 Mont. 160, 273 P.2d 105; Beavers v. Rankin (1963), 142 Mont. 570, 385 P.2d 640.

In the present case plaintiffs are requesting declaratory judgments and mandamus relief. The general venue statutes, therefore, apply. Billings Associated Plumbing v. Emerson (1977), 172 Mont. 369, 563 P.2d 1123; Lunt v. Division of Workmen's Comp., Dept. of Lab. & I. (1975), 167 Mont. 251, 537 P.2d 1080. Because this action is against state agencies and defendants are requesting a change of venue, sections 25-2-105 and 25-2-201, MCA, are specifically applicable. They state:

> "Actions against a public officer or person specifically appointed to execute his duties for an act done by him in virtue of his office or against a person who, by his command or in his aid, does anything touching the duties of such officer must be tried in the county where the cause or some part thereof arose, subject to the power of the court to change the place of trial." Section 25-2-105, MCA.
>
> "The Court or judge must, on motion, change the place of trial in the following cases:
>
> "(1) when the county designated in the complaint is not the proper county;
>
> "(2) when there is reason to believe that an impartial trial cannot be had therein;
>
> "(3) when the convenience of witnesses and the ends of justice would be promoted by the change." Section 25-2-201, MCA.

There is no dispute that a change of venue pursuant to section 25-2-201(1), MCA, is not a matter of discretion with the District Court, but is mandatory if the county in which

-4-

the action was filed "is not the proper county." Guthrie v. Mont. Dept. of H. and E. Sciences (1977), 172 Mont. 142, 561 P.2d 913; Lunt v. Division of Workmen's Comp., Dept. of Lab. & I., supra.

In Guthrie we established the general test relating to proper venue:

> "Thus the answer to the question of proper venue under section 93-2902(2), R.C.M. 1947 [now section 25-2-105, MCA], lies in the analysis of two dependent variables, the nature of the cause of action and the time and place where it springs into existence." 561 P.2d at 916.

ASARCO argues that the proper county is the county in which the alleged harm is threatened, the harm being caused by the physical alteration of the land, and not by actions or inactions of public agencies wherever they may be situate. Plaintiffs contend that when the action is one for mandamus relief, proper venue lies in the county where the public official or agency resides.

In an attempt to unravel the inextricably intertwined standards of nature, time and place of the cause of action to determine proper venue, it is necessary to look at case law as it applies to the relevant statutes.

An action to enjoin enforcement of an order of the Public Service Commission reducing utility rates from natural gas service in two counties was brought in Montana Dakota Utilities Co. v. Public Service Com'n (1940), 111 Mont. 78, 107 P.2d 533. In that case we held that where a cause of action is the threatened enforcement or operation of an order, "it is not the mere making of the order but the place where it is put in operation that determines where the cause of action arose."

Six months later, however, in Bergin v. Temple (1941), 111 Mont. 539, 111 P.2d 286, we analyzed the clause "where the cause or some part therof arose" and arrived at a more refined rule. Defining "cause of action" as the right which a party has to institute a judicial proceeding, and citing Anglo American L.M.&A. Co. v. Lombard (8th Cir. 1904), 132 F. 721, we saw "arose" as the key word and stated: "The place where a cause of action arises is to be determined by inquiring where the act or breach occurs which gives the cause of complaint and creates the necessity for bringing an action." Bergin, 111 P.2d at 289. In making such an inquiry it is essential to determine the objective of the complaint. The objective of the present complaint is mandamus.

In Gildroy v. Anderson (1972), 159 Mont. 325, 497 P.2d 688, an action to enjoin the governor from implementing an executive order, this Court discussed Montana Dakota Utilities and held that because the plaintiff was attacking the official acts of the governor exceeding his legislative authority, venue was proper in Lewis and Clark County. Furthermore, when the nature of the action is mandamus, we established in Lunt, supra, venue is proper in the county where the public official, whose act the petitioner seeks to compel, resides.

The plaintiff in Guthrie sought to permanently enjoin the defendants from physically altering land in a subdivision until sanitary restrictions were properly lifted and the plat approval properly secured. In holding that the nature of the cause of action was to prevent irreparable harm in Teton County, and therefore that is where proper venue should be, we attempted to alleviate the apparent conflict between Montana Dakota Utilities and Lunt by stating:

". . . [In Lunt] the action was for mandamus. It is difficult to imagine mandamus, based as it is on neglect or refusal by a public official to perform a ministerial duty, which did not arise as the Court said in Lunt '. . . in the county where the public official officially refuses to act or neglects to act.'" 561 P.2d at 916.

Recently we decided a case in which the nature of the cause of action was identical to that in the case at bar. In McGrath v. Dore (1978), 177 Mont. 179, 580 P.2d 1385, 35 St.Rep. 957, the Silver Bow County Assessor brought a claim for relief in the form of declaratory judgment and a mandamus action against the Department of Revenue. We ruled that the alleged wrongful acts of the Department of Revenue, i.e., the neglectful or intentional failure to pay full amount of wages allegedly due petitioner, occurred in Lewis and Clark County, hence giving rise to petitioner's cause of action in mandamus in that county.

Here we conclude the alleged wrongful acts, i.e., DSL's issuance of an operating permit and DHES's refusal to require pollution discharge permits, occurred in Lewis and Clark County, thus allowing plaintiffs' cause of action for declaratory judgment and mandamus. The issue of inconvenience of witnesses was not raised on appeal and, therefore, it need not be dealt with at this time.

The District Court's order denying defendant ASARCO's motion for a change of venue is affirmed.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____
        Justices

Mr. Justice John C. Sheehy did not participate.