No. 83-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

JIM FORD,

        Plaintiff and Appellant,

  -vs-

MONTANA DEPARTMENT OF FISH, WILDLIFE
AND PARKS, and its Director, JAMES W.
FLYNN,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
             In and for the County of Missoula,
             The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Boone, Karlberg & Haddon, Missoula, Montana

    For Respondents:

        Stan Bradshaw, Dept. of Fish, Wildlife and Parks,
        Helena, Montana

                Submitted on Briefs: December 8, 1983

                         Decided: February 2, 1984

Filed: FEB 2 - 1984

_Ethel M. Harrison_

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On July 15, 1983, the District Court for the Fourth Judicial District, Missoula County, filed a memorandum and order granting the Department of Fish, Wildlife and Park's motion for change of venue. The Department also filed a motion to quash the writ of mandate filed April 26, 1983; the parties stipulated that the venue issue be resolved first. We reverse the District Court's order.

Ford, a long-time employee of the Department, was a regional supervisor in Missoula at the time this action arose. The Department's Director Jim Flynn, by letter dated April 21, 1983, notified Ford that he was to be demoted as of April 28, 1983 to the position of land resource supervisor in Missoula.

On April 26, 1983, Ford filed an application for writ of mandamus or other appropriate writ alleging, inter alia that he did not have an adequate remedy at law. He asked the court to issue an appropriate writ requiring the Department to allow Ford to remain regional supervisor at least pending determination of the application for the writ.

An order for issuance of writ was signed on April 26, 1983 and an alternative writ of mandate was filed April 28, 1983, setting a show cause hearing and ordering that during the interim Ford was to maintain the position of regional supervisor. A consolidated motion for change of venue and to quash the alternative writ was filed by the Department, whereafter the parties stipulated that the venue question be decided first.

- 2 -

The issue raised is whether the venue was properly changed to Lewis and Clark County by the District Court. We find Missoula County to be the proper venue.

The Department contends that the proper venue for this case is in Lewis and Clark County, as dictated by the general rule that venue in a mandamus action is proper "in the county where the public official, whose act the petitioner seeks to compel, resides," as found in Cabinet Resource Group v. Montana Department of State Lands (Mont 1980), 616 P.2d 310, 313, 37 St.Rep. 1493, 1496 and McGrath v. Dore (1978), 177 Mont. 178, 180, 580 P.2d 1385, 1386.

Ford contends that an absolute rule of venue in mandamus actions should not be applied by this Court. He argues that the proper county here is Missoula County, as that is where the cause of action arose. The alleged misconduct (stated as the basis for the demotion) took place in Missoula and that is where the Director's acts will be felt. He calls for development and application of a liberal venue rule which is applied according to the circumstances of a case, rather than according to classifications such as mandamus, prohibition, or injunction.

In its order, the District Court in this case granted the change of venue to Lewis and Clark County, relying on the cases of Lunt v. Division of Workers' Compensation (1975), 167 Mont. 251, 537 P.2d 1080, and Cabinet Resource Group v. Montana Department of State Lands, supra.

Lunt involved an alleged failure by the Montana Workers' Compensation Division to set a hearing on the plaintiff's claim for compensation. This Court found that, because the alleged failure involved the function of the Division's

offices in Lewis and Clark County, that is where the cause arose and must be tried. 167 Mont. at 253.

This Court in Cabinet found Lewis and Clark County to be the proper place for trial where the plaintiffs were alleging violation of state law by the Montana Department of State Lands and the Montana Department of Health and Environmental Sciences, both located in Lewis and Clark County. 616 P.2d at 313.

Although a general rule in mandamus actions was enunciated and applied in McGrath v. Dore, supra and Cabinet, it is not an absolute rule and should not be used to circumvent the goal of providing a forum which is practical and convenient for the plaintiff. This Court in Guthrie v. Montana Department of Health and Environmental Sciences (1977), 172 Mont. 142, 146, 561 P.2d 913, 915, cited with approval Regents of University of California v. Superior Court, 91 Cal. Rptr. 57, 476 P.2d 457, 461, where the Calfornia Supreme Court said:

> "The underlying purpose of statutory provisions as to venue for actions against state agencies is to afford to the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant."

A plaintiff may initially choose the forum for a case. If the county chosen is improper, a court must, on motion, change the place of trial. Section 25-2-201, MCA: Guthrie, supra. But if venue properly lies in the county designated in the complaint a motion for change must not be granted. Shields v. Shields (1943), 115 Mont. 146, 139 P.2d 528.

We are urged by the Department that this cause should be tried in Lewis and Clark County, according to the following statute:

> "Actions against a public officer or person specially appointed to execute his duties for an act done by him in virtue of his office or against a person who, by his command or in his aid, does anything touching the duties of such officer must be tried in the county where the cause or some part thereof arose, subject to the power of the court to change the place of trial." Section 25-2-105, MCA.

But also applicable is Section 2-9-312, MCA (enacted in 1973):

> "(1) Actions against the state shall be brought in the county in which the cause of action arose or in Lewis and Clark County. In addition, a resident of the state may bring an action in the county of his residence."

Section 2-9-312, MCA provides for venue when the state is sued; Section 25-2-105 applies when a public official is sued. In this case both the Department of Fish, Wildlife and Parks and its Director, James W. Flynn were named in the application for a writ.

When two statutes are applicable, the more specific controls to the extent of any inconsistency between it and the more general. State v. Montana Department of Public Service Regulation (1979), 181 Mont 225, 593 P.2d 34. But here, neither statute is the more specific and there are no inconsistencies, so the two must be harmonized. Both set proper venue where the cause of action (or some part thereof) arose. A cause of action "arises when it springs up, originates, comes into being, becomes operative, presents itself." Bergin v. Temple (1944), 111 Mont. 539, 546, 111 P.2d 286, 289. Here, the position held by Ford, to which he claims he is entitled and from which he was to be demoted, is

- 5 -

located in Missoula. He was to be demoted to a position in Missoula. Therefore, at least a part of the cause of action arose in Missoula, and Missoula County is a proper place for trial.

By basing our decision on these criteria we are giving effect to the rule previously stated by this Court that in determining the proper venue of a case, a court must consider the nature of the action and the place where it arose. Cabinet Resource Group v. Montana Department of State Lands (Mont 1980), 616 P.2d 310, 37 St.Rep. 1493; Roundup National Bank v. Department of Revenue (1977), 175 Mont. 133, 572 P.2d 910; Guthrie v. Montana Department of Health and Environmental Sciences (1977), 172 Mont. 142, 561 P.2d 913. It is not the mandamus aspect of the case, but the fact that the challenged state action concerns and will affect a person and a position in Missoula that controls here. "It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose." Montana-Dakota Utilities Company v. Public Service Commission (1940), 111 Mont. 78, 80, 107 P.2d 533, 534.

We are also giving effect to both section 25-2-105 and section 2-9-312, MCA. Although Lewis and Clark County may be a proper venue, according to the above-stated rules, Missoula County is also. We determine that Missoula County is a proper county of venue in this case.

The District Court erred in granting the change of venue. The order so stating is reversed, and the cause remanded for further proceedings.

                                    John C. Sheehy
                                    _____
                                             Justice

- 6 -

We Concur:

_____
Chief Justice

_____

_____

_____