No. 92-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

I.S.C. DISTRIBUTORS, INC.,
a Montana corporation,

      Plaintiff and Respondent,

   v.

MIKE TREVOR; DAVE MARSHALL; RON HEILMAN;
BRUCE SWICK; RON ARMSTRONG; SHARON
RANSTROM; DEBBIE OWEN; SHERRY HANKS;
TERRY KRAMER; ROGER FUCHS; SCOTT FIGG;
STEVEN BAILEY; JOHN DOES I THROUGH X and
JANE DOES I THROUGH X, individually and
in their representative capacity as
employees of the State of Montana,

      Defendants and Appellants.



APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

     For Appellants:

         Chris D. Tweeten, Hughes, Kellner,
         Sullivan & Alke, Helena, Montana

     For Respondent:

         Michael E. Wheat, Cok & Wheat,
         Bozeman, Montana


Submitted on Briefs:  January 28, 1993

Decided:  July 29, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendants appeal from an order of the District Court of the Eighteenth Judicial District, Gallatin County, which denied defendants' motion to change venue to Lewis and Clark County. We affirm.

There are three issues on appeal:

1. Did the District Court commit reversible error when it adopted verbatim an order drafted by plaintiff which denied defendants' motion to change venue?

2. Did the District Court err when it considered an affidavit submitted by plaintiff subsequent to the time when defendants filed their motion to change venue?

3. Did the District Court err when it determined that venue is proper in Gallatin County pursuant to § 25-2-125, MCA?

In September 1990, plaintiff I.S.C. Distributors, Inc., submitted a sealed proposal to the Montana Department of Administration (the Department) to sell computer equipment to the Department. In June 1991, the Purchasing Division of the Department awarded contracts to three vendors other than plaintiff.

On September 25, 1991, plaintiff filed a complaint against ten state employees (defendants) who worked for the Department and were involved in the decision to deny plaintiff's bid. Plaintiff sought damages and injunctive relief pursuant to 42 U.S.C. § 1983 (1871) (amended 1979) and state common law. Plaintiff alleged that the named defendants unlawfully changed the date for submission of proposals, illegally considered evaluation criteria which were not

2

set forth in the request for proposals, and acted arbitrarily when they awarded the contract to vendors other than plaintiff. Plaintiff filed the complaint in Gallatin County. All of the individuals named in the complaint resided elsewhere.

On November 27, 1991, defendants moved to change venue to Lewis and Clark County. They asserted that Gallatin County was not a proper place for trial because plaintiff's claim arose in Lewis and Clark County and none of the defendants resided in Gallatin County. On December 5, 1991, defendants filed an affidavit by Mike Trevor, the Administrator of the Department and a defendant in plaintiff's action. Affiant Trevor testified that none of the actions in plaintiff's complaint occurred in Gallatin County.

On February 4, 1992, before the District Court ruled on defendants' motion to change venue, plaintiff amended its complaint to add two defendants who resided in Gallatin County. On February 12, 1992, plaintiff filed an affidavit of its chief executive officer, Scott Johnson. Johnson testified that, contrary to Trevor's assertion, events occurred in Gallatin County which contributed to defendants' decision to deny plaintiff's proposal. According to Johnson, plaintiff had provided Montana State University, which is located in Gallatin County, with computer equipment in conjunction with its last contract with the State; and Department staff went to MSU to test and evaluate some of the computer equipment that plaintiff had provided to the University in order to make its decision whether to award or deny plaintiff a contract.

3

On May 11, 1992, the District Court held a hearing on defendants' motion to change venue and the parties presented oral argument. At the close of the hearing, in the presence of both parties and their counsel, the court denied defendants' motion and asked plaintiff to prepare a written memorandum and order for the court's signature. Plaintiff did so, and the District Court signed the order on May 22, 1992. Defendants appeal.

I

Did the District Court commit reversible error when it adopted verbatim an order drafted by plaintiff which denied defendants' motion to change venue?

Defendants assert that the District Court committed reversible error when it entered its decision to deny defendants' venue motion by adopting verbatim a proposed opinion drafted by plaintiff. We disagree.

Rule 52(a), M.R.Civ.P., requires that when a court grants a motion under Rule 12 or 56, the court shall support its order with an explanation of its reasons. There is no comparable requirement for orders denying motions to change venue.

Because a district court is at liberty to deny a venue motion with or without comment, the court did not err when it (1) chose to provide an explanation for why defendants' motion was denied, and (2) directed plaintiff to prepare an appropriate memorandum and order for the court to sign. Furthermore, the court's order will be reviewed based on the facts alleged in the complaint as applied to our common law and statutory venue rules. The presence of the

4

additional memo does not affect the nature of our review, and therefore, was not prejudicial to defendants. We hold that the District Court's adoption of the verbatim memo was not reversible error.

## II

Did the District Court err when it considered an affidavit submitted by plaintiff subsequent to the time when defendants filed their motion to change venue?

Defendants assert that plaintiff's original complaint did not establish that any part of plaintiff's action arose in Gallatin County. Defendants contend that when determining whether venue was proper in Gallatin County, the District Court improperly considered plaintiff's amended complaint and Johnson's affidavit. Defendants rely on *Johnson v. Clark* (1957), 131 Mont. 454, 311 P.2d 772, in support of their contention that Montana case law prohibits the consideration of matters other than the original complaint when determining whether venue is proper.

Plaintiff responds that *Hopkins v. Scottie Homes, Inc.* (1979), 180 Mont. 498, 501, 591 P.2d 230, 232, allows the district court to rely upon the facts of an affidavit filed subsequent to the original complaint when ruling on a motion to change venue.

In *Johnson*, this Court held that a change in place of trial must be determined by the conditions existing at the time the parties claiming it first appeared in the action, and the subsequent filing of an amended complaint by plaintiff shall have

5

no effect on defendants' pending motion to change venue. *Johnson*, 311 P.2d at 779. In *Hopkins*, this Court modified its holding in *Johnson* and determined that the court may properly consider facts set forth in affidavits which are filed subsequent to the original complaint when ruling on a motion to change venue. *Hopkins*, 591 P.2d at 232. The consideration of facts in an affidavit is not prejudicial to a party moving for a change of venue.

These rules are not contradictory; together they simply mandate that, in fairness to the party moving for change of venue, the lower court may not consider an amended complaint for purposes of determining whether to grant or deny a venue motion; however, the court may look to affidavits submitted subsequent to the original complaint. Accordingly, it was proper for the District Court in this case to consider Johnson's affidavit when determining whether to grant or deny defendants' motion.

## III

Did the District Court err when it determined that venue is proper in Gallatin County pursuant to § 25-2-125, MCA?

The named defendants in plaintiff's first complaint were all employees of the Montana Department of Administration, and therefore, they were all state officials. Accordingly, § 25-2-125, MCA, which pertains to actions against public officers, is the statute that governs this case. Section 25-2-125, MCA, provides:

> The proper place of trial for an action against a public officer or person specially appointed to execute his duties for an act done by him in virtue of his office or against a person who, by his command or in his aid, does

6

anything touching the duties of such officer is the county where the cause or some part thereof arose. [Emphasis added.]

Defendants recognize that § 25-2-125, MCA, is the controlling statute in this case; however, they assert that the court improperly interpreted this statute when it determined that a part of plaintiff's claim arose in Gallatin County.

Defendants contend that their decision to deny plaintiff's proposal occurred in Lewis and Clark County, and therefore, plaintiff's suit against them arose in Lewis and Clark County. They assert that there was no evidence presented to the lower court that any part of their alleged "wrongful act" occurred in Gallatin County. Therefore, the court erred when it found that a part of plaintiff's claim arose in Gallatin County for purposes of establishing venue.

In *Ford v. Department of Fish, Wildlife and Parks* (1984), 208 Mont. 132, 676 P.2d 207, the plaintiff sought a writ of mandamus challenging an agency decision to demote and transfer him. This Court held that although the decision to demote and transfer the plaintiff was made in Lewis and Clark County, Missoula County was a proper place for trial under § 25-2-105, MCA (now recodified at § 25-2-125, MCA), because the position of employment, to which plaintiff claimed he was entitled and from which he was to be demoted, was in Missoula. Therefore, at least a part of the cause of action arose in Missoula County. In *Ford*, 676 P.2d at 210, we stated:

It is not the mandamus aspect of the case, but the fact that the challenged state action concerns and will affect

7

a person and a position in Missoula that controls here. It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose.

Similarly, in this case, it is not only the decision to award the contract, but the place where the effect of the decision is felt, which must also be considered.

Johnson's affidavit, together with the original complaint, established that at least some part of plaintiff's claim arose in Gallatin County. Johnson's affidavit established that, although defendants' decision to award the contract to sell computer equipment occurred in Lewis and Clark County, the testing and evaluation of equipment in conjunction with the contract awards was undertaken at Montana State University, which is located in Gallatin County. Furthermore, the original complaint established that plaintiff's principal place of business is in Gallatin County. Both the affidavit and the original complaint state that plaintiff suffered damages to its business as a result of the State employees' decision. Finally, Johnson's affidavit established that if plaintiff had been awarded the State contract at issue, some of the goods that would have been purchased from plaintiff under the contract would have been delivered in Gallatin County.

We conclude that the alleged wrongful conduct by defendants in this case concerns, and will have an impact on, Gallatin County. Therefore, some part of plaintiff's cause of action arose in Gallatin County.

We hold that Gallatin County is a proper venue pursuant to § 25-2-125, MCA, and our prior decision in *Ford*. Accordingly, the District Court did not err when it denied defendants' motion to change venue to Lewis and Clark County.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice Karla M. Gray dissenting:

I dissent. Section 25-2-125, MCA, provides that venue for an action against a public officer or his agent is "the county where the cause or some part thereof arose." A line of cases prior to Ford established that, under this standard, a cause arises in the county in which the defendants committed the wrongful acts which create the right to sue. See, e.g., Lunt v. Division of Workmen's Comp. Dept. of Lab. & I. (1975), 167 Mont. 251, 537 P.2d 1080; Bergin v. Temple (1941), 111 Mont. 539, 547, 111 P.2d 286, 289-90.

In 1984, this Court decided Ford. In that case, there were two applicable venue statutes because there were multiple defendants. Concluding that it was necessary to harmonize the venue statutes, this Court extended the meaning of "where the cause or some part thereof arose" to include where the decision at issue was "put in operation." Ford, 676 P.2d at 210. However, following the enactment of § 25-2-115, MCA, in 1985, it is no longer necessary to harmonize venue statutes if more than one applies. Now, if two venue statutes apply, the plaintiff can choose from any venue proper under either statute.

The majority's opinion in this case stretches the language of § 25-2-125, MCA, beyond recognition. "The county where the cause or some part thereof arose" now includes the county where the "effect of the decision is felt." This sweeping interpretation nullifies the legislature's intent to place venue where the public officer or his agent performs the acts giving rise to the cause of

10

action.  It is particularly egregious here, where the defendants all worked in Helena and their conduct in reviewing the proposals and determining which proposals would be accepted occurred in Lewis and Clark County.

In the absence of the need to harmonize, I would return to the reasonable and workable interpretation of § 25-2-125, MCA, established in the line of cases preceding Ford.  Therefore, I would reverse the District Court and direct it to grant the motion for change of venue.

_____
                Justice

Chief Justice J. A. Turnage:

I concur in the dissent of Justice Gray.

_____
              Chief Justice

11

July 29, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

CHRIS D. TWEETEN
Hughes, Kellner, Sullivan & Alke
P.O. Box 1166
Helena, MT 59624-1166

Michael E. Wheat
COK & WHEAT
P.O. Box 1105
108 West Babcock
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy