*462 JUSTICE TRIEWEILER
delivered the Opinion of the Court.
Defendants appeal from an order of the District Court of the Eighteenth Judicial District, Gallatin County, which denied defendants’ motion to change venue to Lewis and Clark County. We affirm.
There are three issues on appeal:
1. Did the District Court commit reversible error when it adopted verbatim an order drafted by plaintiff which denied defendants’ motion to change venue?
2. Did the District Court err when it considered an affidavit submitted by plaintiff subsequent to the time when defendants filed their motion to change venue?
3. Did the District Court err when it determined that venue is proper in Gallatin County pursuant to § 25-2-125, MCA?
In September 1990, plaintiff I.S.C. Distributors, Inc., submitted a sealed proposal to the Montana Department of Administration (the Department) to sell computer equipment to the Department. In June 1991, the Purchasing Division of the Department awarded contracts to three vendors other than plaintiff.
On September 25,1991, plaintiff filed a complaint against ten state employees (defendants) who worked for the Department and were involved in the decision to deny plaintiff’s bid. Plaintiff sought damages and injunctive relief pursuant to 42 U.S.C. § 1983 (1871) (amended 1979) and state common law. Plaintiff alleged that the named defendants unlawfully changed the date for submission of proposals, illegally considered evaluation criteria which were not set forth in the request for proposals, and acted arbitrarily when they awarded the contract to vendors other than plaintiff. Plaintiff filed the complaint in Gallatin County. All of the individuals named in the complaint resided elsewhere.
On November 27, 1991, defendants moved to change venue to Lewis and Clark County. They asserted that Gallatin County was not a proper place for trial because plaintiff’s claim arose in Lewis and Clark County and none of the defendants resided in Gallatin County. On December 5, 1991, defendants filed an affidavit by Mike Trevor, the Administrator of the Department and a defendant in plaintiff’s action. Affiant Trevor testified that none of the actions in plaintiff’s complaint occurred in Gallatin County.
On February 4,1992, before the District Court ruled on defendants’ motion to change venue, plaintiff amended its complaint to add two defendants who resided in Gallatin County. On February 12, 1992, *463 plaintiff filed an affidavit of its chief executive officer, Scott Johnson. Johnson testified that, contrary to Trevor’s assertion, events occurred in Gallatin County which contributed to defendants’ decision to deny plaintiff’s proposal. According to Johnson, plaintiff had provided Montana State University, which is located in Gallatin County, with computer equipment in conjunction with its last contract with the State; and Department staff went to MSU to test and evaluate some of the computer equipment that plaintiff had provided to the University in order to make its decision whether to award or deny plaintiff a contract.
On May 11,1992, the District Court held a hearing on defendants’ motion to change venue and the parties presented oral argument. At the close of the hearing, in the presence of both parties and their counsel, the court denied defendants’ motion and asked plaintiff to prepare a written memorandum and order for the court’s signature. Plaintiff did so, and the District Court signed the order on May 22, 1992. Defendants appeal.
I
Did the District Court commit reversible error when it adopted verbatim an order drafted by plaintiff which denied defendants’ motion to change venue?
Defendants assert that the District Court committed reversible error when it entered its decision to deny defendants’ venue motion by adopting verbatim a proposed opinion drafted by plaintiff. We disagree.
Rule 52(a), M.R.Civ.P., requires that when a court grants a motion under Rule 12 or 56, the court shall support its order with an explanation of its reasons. There is no comparable requirement for orders denying motions to change venue.
Because a district court is at liberty to deny a venue motion with or without comment, the court did not err when it (1) chose to provide an explanation for why defendants’ motion was denied, and (2) directed plaintiff to prepare an appropriate memorandum and order for the court to sign. Furthermore, the court’s order will be reviewed based on the facts alleged in the complaint as applied to our common law and statutory venue rules. The presence of the additional memo does not affect the nature of our review, and therefore, was not prejudicial to defendants. We hold that the District Court’s adoption of the verbatim memo was not reversible error.
*464 II
Did the District Court err when it considered an affidavit submitted by plaintiff subsequent to the time when defendants filed their motion to change venue?
Defendants assert that plaintiff’s original complaint did not establish that any part of plaintiff’s action arose in Gallatin County. Defendants contend that when determining whether venue was proper in Gallatin County, the District Court improperly considered plaintiff’s amended complaint and Johnson’s affidavit. Defendants rely on Johnson v. Clark (1957), 131 Mont. 454, 311 P.2d 772, in support of their contention that Montana case law prohibits the consideration of matters other than the original complaint when determining whether venue is proper.
Plaintiff responds that Hopkins v. Scottie Homes, Inc. (1979), 180 Mont. 498, 501, 591 P.2d 230, 232, allows the district court to rely upon the facts of an affidavit filed subsequent to the original complaint when ruling on a motion to change venue.
In Johnson, this Court held that a change in place of trial must be determined by the conditions existing at the time the parties claiming it first appeared in the action, and the subsequent filing of an amended complaint by plaintiff shall have no effect on defendants’ pending motion to change venue. Johnson, 311 P.2d at 779. In Hopkins, this Court modified its holding in Johnson and determined that the court may properly consider facts set forth in affidavits which are filed subsequent to the original complaint when ruling on a motion to change venue. Hopkins, 591 P.2d at 232. The consideration of facts in an affidavit is not prejudicial to a party moving for a change of venue.
These rules are not contradictory; together they simply mandate that, in fairness to the party moving for change of venue, the lower court may not consider an amended complaint for purposes of determining whether to grant or deny a venue motion; however, the court may look to affidavits submitted subsequent to the original complaint. Accordingly, it was proper for the District Court in this case to consider Johnson’s affidavit when determining whether to grant or deny defendants’ motion.
Ill
Did the District Court err when it determined that venue is proper in Gallatin County pursuant to § 25-2-125, MCA?
*465 The named defendants in plaintiff’s first complaint were all employees of the Montana Department of Administration, and therefore, they were all state officials. Accordingly, § 25-2-125, MCA, which pertains to actions against public officers, is the statute that governs this case. Section 25-2-125, MCA, provides:
The proper place of trial for an action against a public officer or person specially appointed to execute his duties for an act done by him in virtue of his office or against a person who, by his command or in his aid, does anything touching the duties of such officer is the county where the cause or some part thereof arose. [Emphasis added.]
Defendants recognize that § 25-2-125, MCA, is the controlling statute in this case; however, they assert that the court improperly interpreted this statute when it determined that a part of plaintiff’s claim arose in Gallatin County.
Defendants contend that their decision to deny plaintiff’s proposal occurred in Lewis and Clark County, and therefore, plaintiff’s suit against them arose in Lewis and Clark County. They assert that there was no evidence presented to the lower court that any part of their alleged “wrongful act” occurred in Gallatin County. Therefore, the court erred when it found that a part of plaintiff’s claim arose in Gallatin County for purposes of establishing venue.
In Ford v. Department of Fish, Wildlife and Parks (1984), 208 Mont. 132, 676 P.2d 207, the plaintiff sought a writ of mandamus challenging an agency decision to demote and transfer him. This Court held that although the decision to demote and transfer the plaintiff was made in Lewis and Clark County, Missoula County was a proper place for trial under § 25-2-105, MCA (now recodified at § 25-2-125, MCA), because the position of employment, to which plaintiff claimed he was entitled and from which he was to be demoted, was in Missoula. Therefore, at least a part of the cause of action arose in Missoula County. In Ford, 676 P.2d at 210, we stated:
It is not the mandamus aspect of the case, but the fact that the challenged state action concerns and will affect a person and a position in Missoula that controls here. It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose.
Similarly, in this case, it is not only the decision to award the contract, but the place where the effect of the decision is felt, which must also be considered.
*466 Johnson’s affidavit, together with the original complaint, established that at least some part of plaintiff’s claim arose in Gallatin County. Johnson’s affidavit established that, although defendants’ decision to award the contract to sell computer equipment occurred in Lewis and Clark County, the testing and evaluation of equipment in conjunction with the contract awards was undertaken at Montana State University, which is located in Gallatin County. Furthermore, the original complaint established that plaintiff’s principal place of business is in Gallatin County. Both the affidavit and the original complaint state that plaintiff suffered damages to its business as a result of the State employees’ decision. Finally, Johnson’s affidavit established that if plaintiff had been awarded the State contract at issue, some of the goods that would have been purchased from plaintiff under the contract would have been delivered in Gallatin County.
We conclude that the alleged wrongful conduct by defendants in this case concerns, and will have an impact on, Gallatin County. Therefore, some part of plaintiff’s cause of action arose in Gallatin County.
We hold that Gallatin County is a proper venue pursuant to § 25-2-125, MCA, and our prior decision in Ford. Accordingly, the District Court did not err when it denied defendants’ motion to change venue to Lewis and Clark County.
JUSTICES HARRISON, HUNT, McDONOUGH and WEBER concur.