*300 JUSTICE COTTER
concurs and dissents.
¶14 I concur with the Court’s conclusion that to the extent the District Court’s ruling was premised on the convenience of witnesses and the ends of justice, such a determination is not subject to interlocutory challenge. However, because there were three grounds-and not one-for the District Court’s decision, I would, in fairness to BNSF, reach those components of the venue decision that are subject to immediate appeal, and reverse.
¶15 The District Court cites “convenience of witnesses and ends of justice” as its third and final rationale to support the change of venue. The court appears to presume a change of venue to Lewis and Clark County is merited because Judge Sherlock has already decided a “companion” case, and there is a possibility of “conflicting results, multiple actions and duplicate trials” should venue not be changed. With due respect, there is no requirement nor guarantee that this case will be assigned to Judge Sherlock, nor is this case at all identically postured to the case he previously decided. I therefore find the rationale underlying the “ends of justice” flawed, in any event.
¶16 I would conclude that Flathead County is a proper venue for BNSF’s challenge to DEQ’s ROD, and therefore, pursuant to § 25-2-115, MCA, it was error to grant the motion to change venue to Lewis and Clark County. There is no question that the ROD will be implemented in Flathead County, and therefore it will surely be felt there. We have repeatedly held in cases of claims against state agencies that the place where an order of the state is to be placed in operation is a proper county for venue purposes. See Ford v. Montana Dep’t. of Fish, Wildlife and Parks, 208 Mont. 132, 676 P.2d 207 (1984), in which we reversed an order changing venue to Lewis and Clark County, stating “It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose.” Ford, 208 Mont. at 137, 676 P.2d at 210. See also I.S.C. Distribs. v. Trevor, 259 Mont. 460, 465, 856 P.2d 977, 980 (1993) (Affirming the district court’s ruling that the action remain in Gallatin County, we stated “[I]t is not only the decision to award the contract [at government offices in Lewis and Clark County], but the place where the effect of the decision is felt [Gallatin County], which must ... be considered.”)
¶17 Here, BNSF is not challenging DEQ’s general authority to create and issue a ROD; it is challenging DEQ’s creation of this particular ROD. It is challenging the remedy DEQ is imposing on BNSF to clean up specific property located in Flathead County. BNSF asserts that the *301 ROD contains cleanup requirements, standards, and limits that are inconsistent with the Montana Comprehensive Environmental Cleanup and Responsibility Act and that have not been adopted under rulemaking procedures. These standards and limits will dictate the amount of remediation work that must be conducted exclusively in Flathead County, including excavation and treatment of contaminated soils, and groundwater cleanup, treatment and monitoring. Under such circumstances, I conclude that the impact of the agency’s challenged decision will be felt in Flathead County; therefore, Flathead County is a proper venue for this case.
¶18 Upon concluding that BNSF has filed its suit in a proper county, § 25-2-115, MCA, becomes applicable. This statute unequivocally states that if a plaintiff has brought an action in a proper county, a motion to change venue on the ground that it is an improper county may not be granted. See Circle S Seeds of Montana v. Montana Merchandising, 2006 MT 311, ¶ 9, 335 Mont. 16, 157 P.3d 671; Liang v. Lai, 2004 MT 188, 322 Mont. 199, 94 P.3d 759; Wentz v. Montana Power Co., 280 Mont. 14, 928 P.2d 237 (1996).
¶19 Based on the foregoing analysis, I would conclude that both Flathead County and Lewis and Clark County were proper venues for this matter. As a result, § 25-2-115, MCA, applies and DEQ’s motion to change venue should have been denied. I dissent from the Court’s refusal to so decide.
JUSTICE RICE joins the Concurrence and Dissent of JUSTICE COTTER.